Cindy L. BROWN, Appellant,

v.

**TUNKHANNOCK TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 6, 1995.
Decided Sept. 27, 1995.
Reargument Denied Nov. 13, 1995.

Wieslaw T. Niemoczynski, for appellant.

Paul A. Barrett, for appellee.

Before PELLEGRINI and NEWMAN, JJ., and KELTON, Senior Judge.

NEWMAN, Judge.

Cindy L. Brown (Brown) appeals from an order of the Court of Common Pleas of Monroe County (trial court) granting summary judgment in favor of Tunkhannock Township (Township). We reverse and remand.

On July 29, 1991, Brown went to the Township baseball field to see a league softball game for which she did not pay an admission fee. The baseball field is adjacent to a Township garage and is located behind the municipal building. A set of bleachers approximately five rows high has been provided for spectators, but the bleachers have neither handrails nor guardrails.

Brown sat in the third row at the end of the bleachers, and during the game, she stood up and momentarily lost her balance. She reached out to steady herself, but because there was no railing, she fell from the bleachers three and a half to four feet to the ground. As a result, Brown injured her right arm.

On June 15, 1993, Brown filed a complaint with the trial court seeking damages for the personal injuries that she sustained. The Township filed an answer to Brown's complaint, denying its material allegations. In new matter, the Township alleged, *inter alia,* that it is immune from suit pursuant to the Recreation Use of Land and Water Act (Act), Act of February 2, 1966, P.L. (1965) 1860, *as amended,* 68 P.S. §§ 477–1—477–8.

After the pleadings were closed, and following the deposition testimony of a Township official, the Township filed a motion for summary judgment. The Township based its motion in part on its assertion that it is immune from liability under the Act. Brown argued to the trial court that the Township lost its immunity contemplated by the Act because the land where the ball field is located is "improved."

On September 29, 1994, the trial court entered an order, granting summary judgment in favor of the Township and against Brown. Quoting from the Superior Court's decision in *Redinger v. Clapper's Tree Ser-*

vice, Inc., 419 Pa.Superior Ct. 487, 496, 615 A.2d 743, 748 (1992), petition for allowance of appeal denied, 533 Pa. 652, 624 A.2d 111 (1993), the trial court indicated that in order for land to fall within the purview of the Act, "it must be outdoors, largely unimproved and, inferentially, rural as opposed to urban."[1] According to the trial court, the land in question fits this description. The trial court also cited Lowman v. Indiana Area School District, 96 Pa.Commonwealth Ct. 389, 507 A.2d 1270 (1986), in which this court affirmed the grant of summary judgment in favor of the owner of a ball field, who allowed the use of the field for no charge, in a suit brought by a spectator who was injured while seated in bleachers adjoining the field.

■■■ Brown now appeals to this court from the trial court's order granting summary judgment in favor of the Township. The sole issue presented is whether the trial court erred in holding that the Township is immune from tort liability under the Act.[2]

As a preliminary matter, we note that the Act's stated purpose is to encourage landowners to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes. Section 1, 68 P.S. § 477–1. Section 2(1) of the Act defines land as:

> land, roads, water, watercourses, private ways and buildings, structures and machinery or equipment when attached to the realty.

68 P.S. § 477–2(1). The Act further defines recreational purpose as including but not limited to any of the following, or any combination of the following:

> hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, water sports, cave exploration and viewing or enjoying historical, archaeological, scenic, or scientific sites.

68 P.S. § 477–2(3).

Despite the Act's inclusion of buildings and structures within the definition of "land," the courts of this Commonwealth have held that only owners of unimproved land are protected. The Pennsylvania Supreme Court first addressed this issue in Rivera v. Philadelphia Theological Seminary of St. Charles Borromeo, 510 Pa. 1, 507 A.2d 1 (1986), when it ruled that the defendant Seminary was not entitled to protection from liability arising out of a claim for negligence concerning its operation of a private indoor swimming pool. In deciding that the Legislature intended to limit the application of the Act to outdoor recreation on largely unimproved land, the Supreme Court explained:

> The [Act] is ... designed to encourage the opening up of large, private land holdings for outdoor recreational use by the general public by limiting the liability of the landowner. Considering that purpose, we believe the Legislature intended to limit the meaning of the words 'buildings, structures and machinery or equipment when attached to the realty' in Section 2 of the Act, 68 P.S. § 477–2, to ancillary structures attached to open space lands made available for recreation and not to enclosed recreational facilities in urban regions. Grammatically, this construction is indicat-

1. The Redinger court held that a fenced-in baseball field in a small community was land used for recreational purposes within the meaning of the Act, and therefore, the landowner was not liable for an injury that a spectator sustained when a tree limb fell on him. The Superior Court reasoned that the landowner was immune from liability because the injury did not arise out of any improvement to the baseball field but from an unimproved section of the land.

2. Our scope of review of a trial court's grant of summary judgment is limited to determining whether the trial court made an error of law or abused its discretion. Salerno v. LaBarr, 159 Pa.Commonwealth Ct. 99, 632 A.2d 1002 (1993), petition for allowance of appeal denied, 537 Pa.

655, 644 A.2d 740 (1994). Summary judgment shall be entered where the pleadings, depositions, answers to interrogatories, and admissions together with affidavits, if any, demonstrate that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. No. 1035(b); Marks v. Tasman, 527 Pa. 132, 589 A.2d 205 (1991). In deciding a motion for summary judgment, the record must be reviewed in the light most favorable to the nonmoving party, and summary judgment may be entered only in cases where the right is clear and free from doubt. Hayward v. Medical Center of Beaver County, 530 Pa. 320, 608 A.2d 1040 (1992).

ed by the dual presence of the conjunctive 'and' in the list, both before 'buildings' as well as after 'structures.' The position of the limiting clause 'when attached to the realty' at the end of the sentence is another such indication.

*Id.* at 15, 507 A.2d at 8 (footnote omitted).

The *Rivera* court further recognized that the need to protect owners of large tracts of unimproved land derives from the impracticability of making such tracts safe for recreational use. The *Rivera* court, however, viewed indoor recreational facilities as relatively easy to maintain and monitor for safety hazards and, thus, less deserving of the Act's protection.

In its subsequent decision in *Walsh v. City of Philadelphia*, 526 Pa. 227, 585 A.2d 445 (1991), our Supreme Court adopted the reasoning in *Rivera* and denied extension of the Act's protection to a paved inner-city playground and recreation center.[3] The Court held that to extend the Act's provisions to a completely improved recreational facility would be to ignore the purpose of the Act and to disregard the reasonable expectations of the users of such a facility. The Supreme Court further reasoned:

> When a recreational facility has been designed with improvements that require regular maintenance to be safely used and enjoyed, the owner of the facility has a duty to maintain the improvements. When such an improved facility is allowed to deteriorate and that deterioration causes a foreseeable injury to persons for whose use the facility was designed, the owner of the facility is subject to liability. We do not believe that the [Act] was intended by the Legislature to circumvent this basic principle of tort law.

*Id.* at 238, 585 A.2d at 450–51.

After the Supreme Court's decisions in *Rivera* and *Walsh*, this court had occasion to consider whether a lacrosse field was im-

proved land in *Seiferth v. Downingtown Area School District*, 145 Pa.Commonwealth Ct. 562, 604 A.2d 757 (1992). We answered in the affirmative and held that its owner therefore was not entitled to immunity afforded by the Act. Similarly, in *DiMino v. Borough of Pottstown*, 142 Pa.Commonwealth Ct. 683, 598 A.2d 357 (1991), *petition for allowance of appeal denied*, 533 Pa. 602, 617 A.2d 1276 (1992), we held that a playground with improvements, including tennis courts, two baseball fields, basketball courts and various playground equipment, was not "land" within the Act's definition. We also concluded that public outdoor swimming pools were outside the scope of the Act in *City of Philadelphia v. Duda*, 141 Pa.Commonwealth Ct. 88, 595 A.2d 206 (1991), *petition for allowance of appeal denied*, 532 Pa. 658, 615 A.2d 1314 (1992), and *Mitchell v. City of Philadelphia*, 141 Pa.Commonwealth Ct. 695, 596 A.2d 1205 (1991).[4]

The most recent pronouncement on the scope of the Act's protection is set forth in *Mills v. Commonwealth*, 534 Pa. 519, 633 A.2d 1115 (1993), in which our Supreme Court considered the applicability of the Act to Penn's Landing, a 37–acre tract of land containing restaurants, a museum, historic ships, a marina and a stage with an amphitheater. Upon considering the fact that the land in question has been vastly altered from the natural state in which William Penn discovered it hundreds of years ago, the Court ruled that the Act was not intended to provide immunity to such a highly developed recreational area. The Court held:

> [W]e believe the intended beneficiaries of the [Act], in addition to the general public, are landowners of *large unimproved tracts of land which, without alteration, is amenable to the enumerated recreational purposes within the [A]ct.* ... The [Act] was not intended to insulate owners of fully developed recreational facilities from the normal duty of maintaining their property

---

3. The recreation center was approximately a half city block long and one block wide. It contained two full and two half basketball courts, boccie courts and benches.

4. In *Thomas v. Borough of Blossburg*, 146 Pa.Commonwealth Ct. 220, 604 A.2d 1230

(1992), this court was called upon to determine whether the softball field in question was improved land. We concluded, however, that there were insufficient facts of record to address the issue.

in a manner consistent with the property's designated and intended use by the public. *Id.* at 526, 633 A.2d at 1118–19 (emphasis added).

 Applying the principles set forth above to the present appeal, we note that a review of the record reveals that the baseball field in question is located on Township property that also contains the Township garage and municipal building. Certain members of the community approached the Township about building a ball field, and the Township allotted a portion of its land for the project. The ball field was then built by the County Parks and Recreations Department in cooperation with the Township. The field is surrounded by a fence and has a backstop. A set of bleachers approximately five rows high also has been provided for spectators. The Township has assumed responsibility not only for the maintenance of the baseball field but for the bleachers as well. According to a Township official, these bleachers are checked each spring. Based on our review of the record, we conclude that the area in question is improved land such that it is outside the purview of the Act.[5] We believe that the Act was never intended to bar claims arising out of defective improvements.

We acknowledge that this decision is at odds with the court's prior decision in *Lowman,* where we held that fences, bleachers, a backstop and other structures present on, or adjacent to, a baseball field fell within the Act's definition of "land." However, the opinion in *Lowman* was handed down prior to *Rivera, Walsh* and *Mills* and was thus written without the benefit of our Supreme Court's guidance. Given the intervening case law on this issue, we believe that *Lowman* is no longer controlling. Therefore, we further conclude that the trial court erred in holding that the Township is immune from tort liability under the Act.

Accordingly, we reverse the trial court's order granting summary judgment in favor of the Township and remand this case for trial.

5. *But see DeRitis v. City of Philadelphia,* 136 Pa.Commonwealth Ct. 244, 582 A.2d 738 (1990) (where there was no factual dispute that the bleacher in question was only a temporary structure on the land, the court held that it was not an improvement).

### ORDER

AND NOW, September 27, 1995, we reverse the order of the Court of Common Pleas of Monroe County granting summary judgment in favor of Tunkhannock Township and remand this matter for further proceedings consistent with this opinion.

We relinquish jurisdiction.

KELTON, Senior Judge, concurs in the result.