George YANNO, Appellant,

v.

**CONSOLIDATED RAIL
CORPORATION,**
Appellee.

Superior Court of Pennsylvania.

Argued Sept. 30, 1999.

Filed Dec. 29, 1999.

Edwin H. Beachler, Pittsburgh, for appellant.

James M. Girman, Pittsburgh, for appellee.

Before JOHNSON, MUSMANNO and HESTER, JJ.

JOHNSON, J.:

¶ 1 The issue on this appeal is whether the Recreational Use of Land and Water Act (RULWA), 68 P.S. §§ 477–1 to 477–8, provides the Consolidated Rail Corporation (Conrail) immunity from suit for injuries that occurred when George Yanno (Yanno) fell from a railroad trestle located on Conrail's property. The trial court granted summary judgment for Conrail, and Yanno appeals. We write to resolve an apparent conflict of authority and to harmonize the law surrounding this issue by reviewing and clarifying the pertinent cases. After study, we conclude that Conrail' s property falls within the scope of the RULWA. Therefore, we conclude that Conrail is immune from suit for Yanno's injuries and affirm the judgment of the trial court.

*I. Facts and Procedural History*

¶ 2 The case at bar concerns a railroad trestle once used by Conrail to carry trains over a depression. The trestle is a braced

framework of timbers, piles, concrete, and steel located along a 9.6 mile strip of property in a wooded area of Armstrong County. The trestle spans a private road, which is approximately seventeen feet below the trestle. At the time of Yanno's injury, the rails had been removed from the trestle and wooden planks placed over the railroad ties.

¶ 3 On May 27, 1990, Yanno left a party at a cottage in the vicinity of the trestle to go walking. On his walk, Yanno fell from the trestle to the ground below. At the time of the incident, Conrail owned the property on which the trestle was located, but Conrail had abandoned the property for business purposes in 1984.

¶ 4 Yanno filed a complaint in negligence against Conrail. On August 3, 1998, Conrail moved for summary judgment pursuant to the immunity provisions of the RULWA. On February 9, 1999, the Honorable Kenneth Valasek granted Conrail's motion for summary judgment stating that "[a]lthough Conrail's land was altered by the addition of a rail line, it contains absolutely no recreational improvements that the [Pennsylvania] Supreme Court has found to take land outside the protection of the RULWA." Trial Court Opinion, 2/9/99, at 6. Yanno filed this appeal.

## II.  Issues Presented

¶ 5 Yanno raises one question for our review.

WHETHER THE RECREATIONAL USE OF LAND AND WATER ACT BARS RECOVERY WHEN THE PROPERTY IN QUESTION, WHICH WAS AVAILABLE FOR USE BY THE PUBLIC FOR RECREATIONAL PURPOSES, HAD BEEN ALTERED FROM ITS NATURAL STATE AND CONTAINED IMPROVEMENTS INCLUDING A SMOOTH, FLAT PATHWAY, TRESTLES, AND BRIDGES?

Brief of Appellant at 3.

We construe Yanno's question to advance one central argument. Yanno argues that the RULWA does not afford Conrail immunity for the incident that occurred on Conrail's property because the trestle constitutes an improvement that places the property outside the scope of RULWA's protection.

¶ 6 Our standard of review for appeals from orders granting summary judgment is as follows:

In reviewing a grant of summary judgment, an appellate court may disturb the order of the trial court only where there has been an error of law or a clear or manifest abuse of discretion. Nevertheless, the scope of review is plenary; the appellate court shall apply the same standard for judgment as the trial court. Granting of summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The record is to be viewed in the light most favorable to the nonmoving party, and all doubts as to the presence of a genuine issue of material fact must be resolved against the moving party.

*Albright v. Abington Mem'l Hosp.*, 548 Pa. 268, 279–80, 696 A.2d 1159, 1165 (1997) (citations omitted). Although an adverse party does not have to put forward his entire case in opposing summary judgment, he "cannot rest upon mere allegations in the pleadings but must present depositions, affidavits, or other acceptable documents which show there is a genuine issue of material fact to submit to the factfinder and the moving party is not entitled to judgment as a matter of law." *Brecher v. Cutler*, 396 Pa.Super. 211, 578 A.2d 481, 483 (1990); Pa.R.C.P. 1035.3.

## III.  Recreational Use of Land and Water Act

¶ 7 Under the RULWA:

[A]n owner of land who either directly or indirectly invites or permits without

charge any person to use such property for recreational purposes does not thereby: 1) [e]xtend any assurance that the premises are safe for any purpose[;] 2) [c]onfer upon such person the legal status of an invitee or licensee to whom a duty of care is owed[;] 3) [a]ssume responsibility for or incur liability for any injury to persons or property caused by an act of omission of such persons.

68 P.S. § 477–4. The RULWA defines "land" as "land, roads, water, watercourses, private ways and buildings, structures and machinery or equipment when attached to the realty." 68 P.S. § 477–2. The primary source of controversy in the application of the RULWA derives from an uncertainty as to what type of land the Legislature meant to afford protection under the RULWA. We take this opportunity to clarify the law on this point.

¶ 8 The seminal case concerning this point of law is *Rivera v. Philadelphia Theological Seminary of St. Charles Borromeo, Inc.*, 510 Pa. 1, 507 A.2d 1 (1986). In *Rivera*, a seminary sought immunity under the RULWA for a drowning incident that occurred in the seminary's indoor swimming pool. In deciding which types of buildings and structures the enacting Legislature meant to protect, our Supreme Court drew a distinction between "ancillary structures attached to open space lands" and "enclosed recreational facilities in urban regions," with the former category receiving protection under the RULWA and with the latter category receiving none. *Id.* at 15, 507 A.2d at 8. Based on this interpretation of the RULWA, the Court held that the seminary was not immune from tort liability.

¶ 9 The Court's statement in *Rivera* that the Legislature intended to limit the protection of the RULWA to "outdoor recreation on largely unimproved land" has spawned ambivalence in ensuing decisions. *Id.* at 16, 507 A.2d at 8. Rather than look at factors such as use, size, location, and openness as the *Rivera* court did, later court decisions mistakenly focus only on

whether there has been an improvement on the land. The plain language of the RULWA does not assign or withhold immunity based on the extent of improvement on the land. In fact, the RULWA's definition of land, which includes buildings and structures, allows for the possibility of some improvements to fall within the scope of the RULWA. Thus, while an improvement to the land may be considered as a factor along with use, size, location, and openness, an improvement may not properly be the sole criterion.

¶ 10 Our Supreme Court again considered this issue in *Walsh v. City of Philadelphia*, 526 Pa. 227, 585 A.2d 445 (1991). In *Walsh*, the City of Philadelphia sought immunity for injuries caused by a hole in some blacktop located between a basketball court and a boccie ball court at one of the City's recreational centers. In deciding the case, the Supreme Court dedicated a large portion of its Opinion to the question of improvement. *Id.* at 238, 585 A.2d at 450. The relative length of this discussion does not mean, however, that the Court relied on the improvement factor alone. Rather, the Court also took into consideration the use, size, location, and openness of the property in question as evidenced by the Court's discussion of the physical layout and the purpose of the center. *See id.* ("The Guerin Recreation Center, owned by the City, is a cement recreational facility, located between Sixteenth, Jackson and Wolf Streets. It is approximately a half city block long and one block wide. It contains two full and two half basketball courts, as well as boccie courts and benches.") Thus, *Walsh* continues the multi-factor approach set forth in *Rivera*, and only a misreading of this case could lead to the conclusion that the Court in *Walsh* relied solely on the improvement factor in deciding that the City was not immune.

¶ 11 Our Supreme Court revisited the RULWA in *Mills v. Commonwealth of Pennsylvania*, 534 Pa. 519, 633 A.2d 1115 (1993). In *Mills*, the Commonwealth

sought immunity for injuries sustained at Penn's Landing, Philadelphia, a thirty-seven acre, urban waterfront site, encompassing a museum, restaurants, an amphitheater and a marina but also encompassing grassy and wooded areas. The Supreme Court, in reaching its conclusion that Penn's Landing was not immune under the RULWA, discusses all five factors, namely the use, size, location, and openness of the property and the extent of the improvements on the property. *See id.* Even though the Court in *Mills* provided more discussion on the improvement factor than on the others, the Court did not overlook the other factors. Ostensibly, a lengthier discussion was provided on the improvement factor because it warranted a more detailed treatment and greater explanation.

¶ 12 The most recent Supreme Court decision on this issue is *Lory v. City of Philadelphia,* 544 Pa. 38, 674 A.2d 673 (1996). In *Lory,* the City of Philadelphia claimed immunity under the RULWA for a drowning death that occurred at a natural pond in a remote and undeveloped portion of one of the City's parks. The Court provided almost no reasoning for its conclusion that the City was immune under the RULWA. The Court stated that the RULWA "applies only to lands that are largely unimproved in character" and cited *Mills* for the proposition. *Id.* at 41, 674 A.2d at 674. The absence of an explicit written exposition on the other four factors does not mean that the Court did not consider them. *Lory* does nothing to alter existing decisional law nor does *Lory* replace the multi-factor test with a new test. In his concurring opinion, Chief Justice Nix reinforces the applicability of the multi-factor test by stating that "there is nothing in the [RULWA] that would suggest that it excludes improved land." *Id.* at 46, 674 A.2d at 677 (Nix, C.J., concurring). We agree that an improvement on property does not, on its own, automatically remove the property from the protection of the RULWA.

¶ 13 Recently our Court has addressed this issue. *See York Haven Power Co. v. Stone,* 715 A.2d 1164 (Pa.Super.1998), *appeal granted,* 1999 Pa. Lexis 763 (Pa. Mar. 23, 1999); *Redinger v. Clapper's Tree Serv. Inc.,* 419 Pa.Super. 487, 615 A.2d 743 (1992); *Gallo v. Yamaha Motor Corp., U.S.A.,* 363 Pa.Super. 308, 526 A.2d 359 (1987). In *Gallo,* this Court discussed the five factors, use, size, location, openness and improvement, as established by the Pennsylvania Supreme Court in *Rivera. See Gallo,* 526 A.2d at 364. In *Redinger,* this Court reasoned that the *Walsh* Court's singling out of the improvement factor for discussion in its opinion reflected a broadening of the other four factors not an elimination of them. *See Redinger,* 615 A.2d at 750. In *York Haven,* this Court appeared to concentrate the discussion in its Opinion on the improvement factor. *See York Haven.* In short, a factor analysis remains the approach used under Pennsylvania law.

## IV. Review of Trial Court's Application of Law and Exercise of Discretion

¶ 14 As stated above, it is proper for a trial court to consider the following factors when deciding whether a landowner receives immunity under the RULWA: (1) use; (2) size; (3) location; (4) openness; and (5) extent of improvement. First, where the owner of the property has opened the property exclusively for recreational use, the property is more likely to receive protection under the RULWA than if the owner continues to use the property for business purposes. Second, the larger the property, the less likely that it allows for reasonable maintenance by the owner and the more likely that the property receives protection under the RULWA. Third, the more remote and rural the property, the more likely that it will receive protection under the RULWA because the property is more difficult and expensive for the owner to monitor and maintain and because it is less likely for a recreational user to reasonably expect the

property to be monitored and maintained. Fourth, property that is open is more likely to receive protection than property that is enclosed. Finally, the more highly-developed the property, the less likely it is to receive protection because a user may more reasonably expect that the landowner of a developed property monitors and maintains it.

¶ 15 Whether the application of these factors involves the entire piece of property owned by the defendant landowner or only the section of the property upon which the plaintiff sustained the alleged injury, cannot be fixed indelibly for every case. To date, our courts have made this determination on a case by case basis. For example, in one instance this Court afforded protection to a landowner under the RULWA based on the fact that the injury occurred on "a part of . . . [the] land which remained unimproved." *Redinger*, 615 A.2d at 750. However, in another instance, the Pennsylvania Supreme Court denied protection under the RULWA for injuries that occurred on the grassy area of a property that was otherwise highly developed. *See Mills*. Thus, where the parties can make reasonable arguments for viewing the factors either in terms of the entire property or in terms of only the section where the injury occurred, a court should look to the intended purpose of the RULWA to guide its determination of the matter on a case by case basis. *See id.* at 526, 633 A.2d at 1119.

■ ¶ 16 Turning to the case at bar, we consider first the use to which the Conrail property was put at the time of Yanno's injury to see whether this factor reveals an error of law or abuse of discretion on the part of the trial court. In 1984, Conrail abandoned the property for business purposes. The only use of the property at the time of Yanno's injury, which occurred in 1990, was recreational. Thus, we conclude that this factor does not belie the trial court's granting of summary judgment.

¶ 17 Second, we look at whether the trial court's grant of summary judgment was an abuse of discretion or an error of law in light of the size of the property in question. Conrail's strip of property was 9.6 miles long. This is certainly greater in size than a swimming pool or an inner-city playground. This is an extended tract of land, which would require considerable resources and energy to monitor and maintain. Therefore, based on the size of Conrail's property, we cannot conclude that the trial court committed an error of law or an abuse of discretion.

¶ 18 Third, we look at the judgment of the trial court in light of the location of the Conrail property. Conrail's property is located in a wooded area in Armstrong County. Yanno offers no evidence that puts into question the remote and rural setting of Conrail's property. Consequently, after examining the property's location, we conclude that it in no way points to an abuse of discretion or an error of law by the trial court.

¶ 19 Fourth, we look at the openness of the property with the purpose of determining whether the trial court erred or abused its discretion. The trestle, as seen in photographs provided in the record, is an open structure, uncovered and completely outdoors. Reproduced Record at 134a–36a. Likewise, the surrounding wooded area is entirely open. As a result, we conclude that the openness of the property in no way demonstrates that the trial court erred or abused its discretion.

¶ 20 Fifth, we evaluate the judgment of the trial court in light of whether the property was improved. If we were to look at the entire property, we would have to conclude that the 9.6 mile strip is, in general, undeveloped because with the exception of the extinct rail line and the several trestles, which support it, the property is largely wooded. A determination that the property is undeveloped would support a conclusion that Conrail is immune. On the other hand, if we were to look at the trestle alone, which is a mass of wood, steel and concrete, we would con-

clude that such a structure is a substantial improvement to the natural condition of the land. As stated above, the presence of a structure does not, on its own, automatically remove property from the ambit of the RULWA. Rather, the structure should be viewed in light of the other factors. Even if we were to decide that the trestle is a substantial improvement, the other factors, all of which favor immunity for Conrail, would lead us to conclude that Conrail should receive protection under the RULWA. Thus, on the record before us, we must conclude that regardless of the status of the trestle as an improvement, Conrail must be accorded immunity under the RULWA as a matter of law. Consequently, the trial court's order granting summary judgment is not subject to reversal.

### V. Conclusion

¶ 21 After giving careful consideration to each of the five factors, we conclude that Conrail's property falls within the protection of the RULWA and that, accordingly, Conrail receives immunity under the RULWA. Therefore, we further conclude that the trial judge did not commit a manifest abuse of discretion or an error of law in finding that there was no genuine issue of material fact and that Conrail was entitled to a judgment as a matter of law. Therefore, we affirm the judgment.

¶ 22 Judgment **AFFIRMED**.

¶ 23 Judge MUSMANNO files a Dissenting Opinion.

MUSMANNO, J., dissenting:

¶ 1 I respectfully disagree with the majority's holding that Conrail's property falls within the scope of the Recreational Use of Land and Water Act ("RULWA"), see 68 P.S. §§ 477–1 to 477–8, and that Conrail is therefore immune from liability in the present case.

¶ 2 The RULWA is "designed to encourage the opening up of large private land holdings for outdoor recreational use."

*Rivera v. Philadelphia Theological Seminary*, 510 Pa. 1, 16, 507 A.2d 1, 8 (1986). The types of land areas that are protected by the RULWA, and by similar legislation in other jurisdictions, are those that are natural, unimproved, and undeveloped. *See Redinger v. Clapper's Tree Service, Inc.*, 419 Pa.Super. 487, 615 A.2d 743, 749 (1992) (citation omitted). Such land, however, may lose its immunity status if the land is substantially improved and such improvement causes injury. *Id.; see also Mills v. Commonwealth*, 534 Pa. 519, 633 A.2d 1115 (1993) (stating that the beneficiaries of the RULWA include landowners of large unimproved tracts of land, which are amenable, without alteration, to the enumerated recreational purposes of the RULWA); *Brezinski v. County of Allegheny*, 694 A.2d 388 (Pa.Cmwlth.1997) (stating that only owners of unimproved land are protected from liability under the RULWA). In my opinion, a railroad trestle that is seventeen feet high, and is constructed of wooden planks, steel beams, and large concrete blocks, is clearly a substantial improvement to the land. My honorable colleagues in the majority agree. *See* Majority Opinion, at 283.

¶ 3 A tract of land may be partially developed in one segment and unimproved in another section. *See Redinger*, 615 A.2d at 750. In those circumstances, the owner of the land would not be liable, under the RULWA, for injuries that occurred on the unimproved part of the land, but would be liable for injuries occurring on the developed portion. *See id.* In the present case, the land on which the trestle is located is the site of two former railroad lines and two trestles, including the one at issue. Thus, the portion of the land on which the trestle stands is developed, or improved, land. Consequently, that portion of the land is not covered by the RULWA and, accordingly, the trial court erred in granting summary judgment in Conrail's favor.

¶ 4 Therefore, I would reverse the trial court's Order granting summary judgment

and remand the case for further proceedings.