# Burke v. Brace

362

C.P. of Monroe County, no. 1456 Civil 1996.

*James V. Fareri,* for plaintiff.
*Michael P. Creedon,* for defendant Brace.
*James R. Forry,* for defendant Hemlock Lake POA.

CHESLOCK, *J.,* May 11, 2000—On July 22, 1995, Stephen L. Burke was attending a high school graduation party hosted by Joseph and Terry Brace who reside in the Hemlock Lake community located in Polk Town-

ship, Monroe County, Pennsylvania. After nightfall, the decedent, Hakim A. Cardoza and Christopher J. Thompson took a paddleboat onto Hemlock Lake located within the Hemlock Lake community. After paddling the boat to the center of Hemlock Lake, the three boys jumped into the water attempting to swim to the shoreline. Approximately 50 feet from shore, the decedent's body began to cramp. Cardoza and Thompson attempted to rescue decedent but they could not keep decedent's body afloat. Decedent drowned.

As a result, plaintiff, the administrator of decedent's estate, commenced this action by filing a writ of summons against the defendants, Joseph and Terry Brace, on March 12, 1996. On May 21, 1996, a complaint was filed. The Braces filed an answer, new matter, and joinder complaint joining Richard and Alice Burke,[1] Hakim A. Cardoza, Christopher J. Thompson and the Hemlock Lake Property Owners Association as additional defendants on June 27, 1996. The Burkes filed an answer, and Cardoza filed an answer with new matter to said joinder complaint on August 1, 1996 and August 19, 1996, respectively. On September 4, 1996, plaintiff filed a reply to Cardoza's new matter. On September 27, 1996, Thompson filed preliminary objections to the Braces' joinder complaint. On October 17, 1996, the association filed an answer to Cardoza's new matter and an answer with new matter in the nature of a cross-claim against the Braces, and the Braces filed preliminary objections to Thompson's preliminary objections. On November 18, 1996, the Braces filed an answer to the association's new matter in the nature of a cross-claim. Cardoza filed an

---

1. Parents of the deceased, Stephen L. Burke.

answer to the association's new matter on October 28, 1996. By opinion and order dated December 17, 1996, this court granted Thompson's preliminary objections dismissing him from this lawsuit and denied the Braces' preliminary objections. On January 27, 1997, the Burkes filed a reply to the association's new matter. Cardoza filed a motion for judgment on the pleadings and a brief in support thereof on February 3, 1997. This court granted said motion by court order dated April 7, 1997, thereby dismissing Cardoza from this lawsuit. On August 25, 1997, the Burkes filed a motion for summary judgment and a brief in support thereof. The association and the Braces filed answers to said motion on October 1, 1997. By opinion and order dated October 28, 1997, this court granted the Burkes' summary judgment motion dismissing them as additional defendants from this lawsuit.

On October 28, 1998, the association filed a motion for summary judgment. Plaintiff filed a response to said motion on November 18, 1998. On December 18, 1998, this court dismissed the summary judgment motion. On January 4, 1999, the association filed a motion for reconsideration and for leave to file an amended pleading. This court entered an order permitting the Braces and the association to amend their new matters to include the immunity defense under Pennsylvania's Recreational Use of Land and Water Act, 68 Pa.C.S. §477-1 et seq. on March 3, 1999. The Braces filed an amended answer and new matter to plaintiff's complaint on March 17, 1999. Two days later, the association filed an amended answer with new matter and new matter cross-claim to the Braces' amended joinder complaint. On March 22, 2000, the plaintiff filed a motion for partial summary judgment on the issue of the RULWA immunity defense. The as-

sociation filed a summary judgment motion claiming RULWA immunity on March 31, 2000. On April 28, 2000, the association filed a response to plaintiff's motion and vice versa. The Braces filed a third new matter, amended to include the RULWA immunity defense, a motion for summary judgment based on such immunity, an answer to the association's summary judgment motion, and an answer to plaintiff's motion for partial summary judgment on May 1, 2000. On the same date, oral argument was heard before this court. At this time, we are ready to dispose of the following: (1) plaintiff's motion for partial summary judgment; (2) the Braces' motion for summary judgment; and (3) the association's motion for summary judgment.

When ruling on such a motion, the court may consider pleadings, depositions, answers to interrogatories, admissions, and supporting affidavits. Pa.R.C.P. 1035.1. The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *First Wisconsin Trust Co. v. Strausser,* 439 Pa. Super. 192, 653 A.2d 688 (1995). This court will view the record in the light most favorable to the non-moving party and all doubts concerning the existence of a genuine issue of fact must be resolved in that party's favor. *Dublin by Dublin v. Shuster,* 410 Pa. Super. 1, 598 A.2d 1296 (1991). Summary judgment is only properly granted in cases where the right to judgment is clear and free from doubt. *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991).

We must determine whether the immunity provided by the RULWA applies to Hemlock Lake, a manmade lake located within a developed community to which the community members and their guests have access for

recreational purposes. Both the Braces and the association contend that Hemlock Lake falls within the intent and provisions of the RULWA and that, as a result, they are immune from suit on the facts of this case. We conclude that neither the Braces nor the association is immune from suit under the RULWA. However, our reasons differ with respect to each.

Hemlock lake is a manmade lake that has been in existence since the late 1960s. (Dep. of Emil M. Zullo, 6/15/99, p. 7.)[2] The lake is spring fed by a few streams surrounding it. (Zullo, 6/15/99, p. 26.) The association[3] owns and maintains the roads in the community, Hemlock Lake itself, a small beach on Hemlock Lake, a pavilion immediately adjacent to the beach and a dam at the southern end of the lake opposite from the beach. Association members and their guests are permitted to use the lake for swimming and fishing free of charge. (Zullo, 6/15/99, pp. 60, 67 and 69.)

Initially, we will address the Braces' waiver of the RULWA immunity defense. Pursuant to Rule 1030 of the Pennsylvania Rules of Civil Procedure, all affirmative defenses, including immunity from suit, shall be pleaded in a responsive pleading under the heading "new matter." Pa.R.C.P. 1030(a). Furthermore, "a party waives all defenses and objections which are not presented either by preliminary objection, answer or reply . . . ." Pa.R.C.P. 1032(a).

Originally, neither the Braces nor the association raised the RULWA immunity defense in their new matter. How-

---

2. All further references to the deposition testimony of Emil M. Zullo will be cited as follows: (Zullo, date, page number.)

3. The association is a nonprofit corporation whose membership consists of all lot owners in the Hemlock Lake community.

ever, pursuant to the parties' stipulation to amend the pleadings, the Braces and the association were given a second chance to include the RULWA immunity defense in their new matters by amendment.[4] The association's amended new matter included the RULWA immunity defense. However, as admitted in paragraph nine of their answer to plaintiff's motion for partial summary judgment, the Braces again failed to include the RULWA immunity defense in their amended new matter filed on March 17, 1999.

On May 1, 2000, over one year later, the Braces filed a third amended new matter which includes the RULWA immunity defense. According to Rule 1033 of the Pennsylvania Rules of Civil Procedure, a party, either by filed consent of the adverse party or by leave of court, may at any time amend his pleading. Pa.R.C.P. 1033. Here, the record does not reflect that plaintiff ever filed a document granting consent to the Braces to amend their already amended new matter. Furthermore, the Braces neither requested nor received leave of this court to amend their amended new matter. Therefore, we conclude that the Braces have waived the RULWA immunity defense. Plaintiff's partial motion for summary judgment against the Braces is granted.

Next, we must determine whether the association is immune from suit pursuant to the RULWA. "The legislative purpose of the RU[LW]A is 'to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes.' "

---

4. The Braces and the association were given 14 days in which to file an amended new matter. See court order dated March 3, 1999.

*Stone v. York Haven Power Co.,* 561 Pa. 189, ___, 749 A.2d 452, 455 (2000), citing 68 P.S. §477-1;[5] *Mills v. Commonwealth,* 534 Pa. 519, 633 A.2d 1115 (1993). In order to effectuate this purpose, "the RU[LW]A provides the owners with immunity from negligence liability, so long as the land or water area is provided to the public for recreational purposes free of charge, and any injuries occurring on the land or water are not the result of a 'willful or malicious failure to guard or warn against a dangerous condition, use or activity.' " *Stone* at ___, 749 A.2d at 455, citing 68 P.S. §§477-4, 477-6.

When determining whether a landowner receives immunity under the RULWA, the court must consider the following five factors: (1) use; (2) size; (3) location; (4) openness; and (5) extent of improvement. *Yanno v. Consolidated Rail Corp.,* 744 A.2d 279, 282 (Pa. Super. 1999). We will apply each factor to Hemlock Lake, keeping in mind that the Pennsylvania Supreme Court "has been careful not to allow the scope of the RU[LW]A's protection to extend beyond the legislative intent for, to do so, would 'thwart basic principals of tort liability.' " *Stone* at ___, 749 A.2d at 455, citing *Mills,* 534 Pa. at 523, 633 A.2d at 1117.

Because there is no issue that Hemlock Lake is used exclusively for recreational purposes, we will immediately address the second factor, size. "[T]he larger the property, the less likely that it allows for reasonable

---

5. "Land" is defined in the RULWA as "land, roads, water, watercourses, private ways and buildings. structures and machinery or equipment when attached to the realty." 68 P.S. §477-2(1). A "recreational purpose" is defined as "hunting, fishing, swimming. boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, water sports, cave exploration and viewing or enjoying historical, archaeological, scenic, or scientific sites." 68 P.S. §477-2(3).

maintenance by the owner and more likely that the property receives protection under the RULWA." *Yanno,* 744 A.2d at 282. RULWA's immunity provision recognizes the practical difficulty of maintaining large, unimproved areas of land used by the public for recreational purposes. See *Rivera v. Philadelphia Theological Seminary of St. Charles Borromeo Inc.,* 510 Pa. 1, 507 A.2d 1 (1986). With specific regards to a large lake, our Supreme Court has stated that "it is impractical to expect the owner to constantly police the area for hazards such as driftwood or submerged rocks, and the owner cannot possibly protect users from the risks inherent in water sports, such as drowning." *Stone* at ___, 749 A.2d at 457.

Here, Hemlock Lake is approximately four and one-half acres (Zullo, 6/15/99, p. 26) and 28 feet at its deepest point. (Zullo, 6/15/99, p. 30.) Numerous single-family homes and a few empty lots surround the lake. Although larger than a small pond or swimming pool, Hemlock Lake is not too large to be maintained. Approximately three times per year, the lake is tested and chemically treated for indolea and weeds. (Zullo, 6/15/99, pp. 12, 27 and 28.) Ten tons of sand are shipped in to cover the beach annually, and the association cuts the grass around the beach area. (Zullo, 6/15/99, p. 13.) The association receives annual reports containing recommendations regarding maintenance and usually carries out said recommendations. (Zullo, 6/15/99, pp. 44 and 45.) In addition, the association has drained Hemlock Lake approximately two or three times to repair the dam. (Zullo, 6/15/99, p. 30.) Clearly, the size of Hemlock Lake does not prevent the association from reasonably maintaining it. Therefore, this factor does not weigh in favor of RULWA immunity.

We will next address the location of Hemlock Lake. "[T]he more remote and rural the property, the more likely that it will receive protection under the RULWA because the property is more difficult and expensive for the owner to monitor and maintain and because it is less likely for a recreational user to reasonably expect the property to be monitored and maintained." *Yanno,* 744 A.2d at 282-83.

Here, Hemlock Lake is located within a highly developed residential subdivision in a heavily wooded section of Monroe County. Numerous single-family homes are located directly on the lakefront. The development contains numerous roads. For this reason, Hemlock Lake is distinguishable from the natural pond in *Lory v. City of Philadelphia,* 544 Pa. 38, 674 A.2d 673 (1996), or the railroad trestle in *Yanno,* which were both located in remote and *undeveloped* areas. (emphasis added) This factor also weighs against RULWA immunity.[6]

The fourth factor is the openness of Hemlock Lake. "[P]roperty that is more open is more likely to receive protection than property that is enclosed." *Yanno,* 744 A.2d at 283. Here, Hemlock Lake itself is an open area completely outdoors. However, it is also the central focal point of a private residential community. Access to utilizing the lake for recreational purposes is restricted to association members and their guests. Article IX of the association's bylaws states the following:

---

6. Additional defendants contend that Hemlock Lake's location is rural and heavily wooded. We concede that the Hemlock Lake community is located within a rural area. However, Hemlock Lake itself is contained within said developed community, which in and of itself, is not rural or undeveloped.

"(3) . . . Having disclosed to each of the members that the lake does not meet the requirements for a bathing permit, and that the association does not have liability insurance for bathing in the event that someone is injured, the association requires the following release from each member should that member decide to exercise his right pursuant to the terms of his deed by going swimming anyway:

"*(a)* Each member acknowledges that the limitation set out in his/her deed that the right is limited to *their family, and guests, not exceeding two guests at any one time.*

"(b) Each member hereby assumes full responsibility for supervision of any person or persons who swim in Hemlock Lake *pursuant to his or her permission. . . .*" (emphasis added) (See association's brief in support of motion for summary judgment, exhibit "H".)

Badges are issued for guests (Zullo, 4/30/97, p. 122.) If a person using the lake has no badge, they are asked to leave the property. (Zullo, 4/30/97, p. 123.) Therefore, Hemlock Lake is distinguishable from Lake Frederick, the lake at issue in *Stone, supra.* Lake Frederick was used "by the public" for boating and other water activities. *Id.* Hemlock Lake, on the other hand, is not freely open to the public, but rather is reserved for its owners, the association members, and their guests.

The association contends that the public can easily access both the community and Hemlock Lake by turning off a public road and traveling a short distance on a "private" lane. Furthermore, the association contends that Hemlock Lake is open because the association does not strictly enforce its restriction against nonmembers from using the lake. (Zullo, 6/15/99, pp. 69 and 71; Zullo, 4/30/97, pp. 123, 134 and 137.) Although noncommunity

residents can gain access to the lake, the fact still remains that Hemlock Lake is located within a private development and is to be used for recreational purposes by members and their guests only.

The final factor we must analyze is the extent of improvement upon the property. The RULWA was not intended to provide immunity to a highly developed recreational area. *Stone* at ___, 749 A.2d at 456; *Mills,* 534 Pa. at 525-26, 633 A.2d at 1118-19. Where land devoted to recreational purposes has been improved in such a manner as to require regular maintenance in order for it to be used and enjoyed safely, the owner has a duty to maintain the improvements. *Stone* at ___, 749 A.2d at 456. For instance, in *Walsh v. City of Philadelphia,* 526 Pa. 227, 585 A.2d 445 (1991), the Supreme Court refused to apply the RULWA to a completely improved cement recreational facility because to do so would be to ignore the purpose of the RULWA and to disregard the reasonable expectations of the users of such a facility. See also, *Mills,* 534 Pa. 519, 633 A.2d 1115 (holding Penn's Landing, a recreational area including restaurants, a museum and other attractions, is improved land because it has been vastly altered from natural state in which William Penn discovered it several hundred years ago).

We believe that Hemlock Lake is more akin to Lake Frederick, the lake at issue in *Stone.* Lake Frederick was created by the damming of the Susquehanna River and used for recreational purposes. The *Stone* court held that although created by altering the natural state of the river, the lake did not constitute an improvement and RULWA was applicable. "While the body of water may be enhanced by the damming of the Susquehanna, it is not a highly developed recreational facility." *Id.* at ___, 749

A.2d at 457. Likewise, Lake Hemlock is a manmade lake created by a dam and fed by a number of surrounding creeks. It is not comparable to the cement structures of Penn's Landing or an innercity playground. This factor weighs in favor of RULWA immunity.

Three of the five factors weigh against RULWA immunity. Furthermore, the purpose of the RULWA was to provide immunity to landowners as an incentive to them in exchange for their tolerance of public access to their lands for recreational pursuits. *Mills,* 534 Pa. at 525-26, 633 A.2d at 1118-19. Pursuant to the association's by-laws, "public access" to Hemlock Lake is limited to the landowners themselves, *i.e.* the individual members of the association and their permissive guests. We believe that this court would be twisting the legislative intent and purpose of the RULWA if we were to hold that its immunity applies to Hemlock Lake. For these reasons, we conclude that Hemlock Lake is not subject to the immunity protections of the RULWA.

Due to the aforementioned, we enter the following order:

## ORDER

AND NOW, May 11, 2000, we hereby order the following:

(1) Plaintiff's motion for partial summary judgment is hereby granted.

(2) Original defendants', Joseph and Terry Brace, motion for summary judgment is hereby dismissed with prejudice.

(3) Additional defendant's, Hemlock Lake Property Owners Association, motion for summary judgment is hereby denied.