IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Betty Wright,                          :
                    Appellant          :
                                       :
        v.                             :   No.  814 C.D. 2020
                                       :   Submitted:  June 7, 2021
Township of Bristol                    :


BEFORE:    HONORABLE P. KEVIN BROBSON, President Judge
           HONORABLE J. ANDREW CROMPTON, Judge (P.)
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                          FILED:  August 6, 2021


        Betty Wright (Wright) appeals a July 31, 2020 Order of the Bucks County Court of Common Pleas (trial court) granting the Township of Bristol's (Township) motion for summary judgment.  Wright filed a complaint with the trial court alleging that the Township is liable for ankle injuries she sustained while using a tube slide at a park within the Township because it knew or should have known that depressions in the ground at the park's playground pose a serious risk of harm to persons.  Wright further asserts that the Township had ample time, resources, and opportunity to address the dangerous condition of its property but failed to do so, or, alternatively, failed to warn of the dangerous condition of its property, causing her injuries.  The Township contends that it is immune from liability for Wright's

injuries under the Recreational Use of Land and Water Act (RULWA)[1] because the park and playground in question are considered "land" as defined by the statute. Upon consideration, we affirm the Order of the trial court.

## I.    Background

On October 22, 2015, Wright visited Carol Counts Park (Park), a public park in the Township, consisting of mostly open space and a small playground for recreational use by the public, with her two-year-old goddaughter.  Reproduced Record (R.R.) at 127a-28a, 492a.  While at the Park, Wright went down a tube/tunnel slide with her goddaughter seated in her lap.  *Id.* at 138a, 146a.  When she landed at the bottom of the slide, Wright's foot went into a depression at the base of the slide, twisting her ankle and causing injury.  *Id.* at 147a.  A photograph of the base of the slide from the time of Wright's injuries shows that the Park's playground surface consisted of soft-fall wood chips.  *Id.* at 519a.

Wright sustained a comminuted fracture of her distal tibia and fibula necessitating closed reduction with application of an external fixator on October 27, 2015, open reduction and internal fixation of a right pilon fracture on November 18, 2015, and removal of her external fixator with internal fixation of a non-healing fibula on February 3, 2016.  *Id*. at 520a-21a.

On October 20, 2017, Wright filed a writ of summons against the Township with the trial court, and on January 5, 2018, she filed a complaint alleging that the Township possessed and controlled the Park and that the Township knew or should have known that depressions in the ground at the playground pose a serious risk of harm.  Further, Wright argued that the Township failed to timely repair or warn of the dangerous condition of its property, resulting in her injuries.

---

[1] Recreational Use of Land and Water Act, Act of February 2, 1966, P.L. (1965) 1860, *as amended*, 68 P.S. §§ 477-1 – 477-8.

Following discovery, on March 6, 2020, the Township filed a motion for summary judgment seeking immunity under the RULWA. R.R. at 60a. The trial court held argument on July 31, 2020, and on the same day, the trial court granted the Township's motion for summary judgment dismissing Wright's claims. R.R. at 20a. In the trial court's opinion in support of its decision granting summary judgment, dated October 6, 2020, the trial court explained:

> The Court granted summary judgment for [the Township] because [Wright's] claims are barred by the Pennsylvania Political Subdivision Tort Claims Act ("TCA").[2] The real property exception to the TCA does not apply because [the Township] owed no duty of care to [Wright] under the [RULWA].[3]

Trial Ct. Op., 10/06/2020, at 4. Wright now appeals to this Court.[4]

---

[2] The act commonly known Political Subdivision Tort Claims Act, 42 Pa. C.S. §§8541-8542.

[3] In its opinion, the trial court states:

[Wright] argues that the real property exception to the TCA applies because her [injuries] resulted from the care, custody, and control of real property. In response, [the Township] argues that the real property exception does not apply because [Wright's] damages are recoverable under common law if the [injuries] were caused by a person not having a defense available under the TCA because [the Township] owed no duty of care to [Wright] pursuant to the [RULWA]. Therefore, the determination of whether the real property exception to the TCA applies in this matter is dependent on whether the protections of the [RULWA] apply in this case.

Trial Ct. Op., 10/06/2020, at 7 (internal citations omitted). We adopt the trial court's view, and therefore, we will not independently evaluate whether the real property exception to the TCA applies in this case.

[4] Our scope of review of a trial court's order granting summary judgment is limited to determining whether the trial court made an error of law or abused its discretion. *Brown v. Tunkhannock Twp.*, 665 A.2d 1318, 1320 n.2 (Pa. Cmwlth. 1995) (citing *Salerno v. LaBarr*, 632 A.2d 1002 (Pa. Cmwlth. 1993)). Summary judgment shall be entered where the pleadings,

3

## II.    Discussion

Before this Court, Wright argues that the trial court erred, misapplied the law, or acted in a manifestly unreasonable manner in holding that the Park and the playground therein are considered "land" as defined by the RULWA, such that the Township did not owe her a duty of care.  Wright specifically asserts that the Park is an improved recreational facility under the RULWA and therefore does not fall within the scope and intent of the RULWA's protection from liability.  The Township counters that the trial court did not commit an error of law or abuse its discretion as the Park and playground are considered "land" as defined by the RULWA.[5]

---

depositions, answers to interrogatories, and admissions together with affidavits, if any, demonstrate that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *Brown*, 665 A.2d at 1320 n.2 (citing Pa. R.C.P. No. 1035(b); *Marks v. Tasman*, 589 A.2d 205 (Pa. 1991)).  In deciding a motion for summary judgment, the record must be reviewed in the light most favorable to the non-moving party, and summary judgment may be entered only in cases where the right to relief is clear and free from doubt. *Brown*, 665 A.2d at 1320 n.2 (citing *Hayward v. Med. Ctr. of Beaver Cnty.*, 608 A.2d 1040 (Pa. 1992)).

[5] On appeal, the Township also argues that Wright's brief to this Court was untimely, and therefore, this Court should dismiss the instant appeal.  On December 18, 2020, this Court granted Wright a 30-day extension to file her brief and Reproduced Record and ordered the same be filed on or before January 21, 2021.  Wright's brief and Reproduced Record were filed with this Court on January 22, 2021, at 11:00 a.m.

Pennsylvania Rule of Appellate Procedure 2188 states:

If an appellant fails to file his designation of reproduced record, brief or any required reproduced record within the time prescribed by these rules, or within the time as extended, an appellee may move for dismissal of the matter. If an appellee fails to file his brief within the time prescribed by these rules, or within the time as extended, he will not be heard at oral argument except by permission of the court.

The RULWA defines "land" as:

> land, roads, water, watercourses, private ways and buildings, amenities, structures, boating access and launch ramps, bridges, fishing piers, boat docks, ramps, paths, paved or unpaved trails, hunting blinds and machinery or equipment when attached to the realty. The term shall also include areas providing access to, or parking for, lands and waters, including, but not limited to, access ramps, trails or piers for use by recreational users with disabilities.

Section 2 of the RULWA, 68 P.S. § 477-2. Thus, the RULWA provides an expansive definition of "land," including more than naturally occurring land features. *See id*. In outlining its purpose, the RULWA describes a limitation on landowner liability, stating:

> The purpose of this act is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability to:
>
>> (1) recreational users; and
>>
>> (2) persons or property based on:
>>
>>> (i) acts of omission by landowners; or
>>>
>>> (ii) acts or acts of omission by recreational users.

Section 1 of the RULWA, 68 P.S. § 477-1. Further, a landowner owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such

Pa. R.A.P. 2188. This Court has previously held that in the case where a brief is untimely filed, if the length of delay is not "so egregious," the circumstances need not require dismissal of the case in its entirety. *Dep't of Transp., Bureau of Traffic Safety v. March*, 515 A.2d 661, 663 (Pa. Cmwlth. 1986). In the instant case, Wright's brief was filed 11 hours after the briefing deadline. As the filing delay was minimal, we decline to dismiss Wright's appeal due to lack of timeliness.

premises to persons entering for such purposes. Section 3 of the RULWA, 68 P.S. § 477-3.

Wright asserts that the Park does not constitute "land" as contemplated by the RULWA and posits that our Supreme Court and appellate courts have previously assessed liability under the RULWA based on whether the "land" was improved or had improvements on it. *See Bashioum v. Cnty. of Westmoreland*, 747 A.2d 441, 443 n.2 (Pa. Cmwlth. 1999). Citing *Rivera v. Philadelphia Theological Seminary of St. Charles Borromeo, Inc.*, 507 A.2d 1, 8 (Pa. 1986), Wright notes that our Supreme Court intended to "limit the applicability of the [RULWA] to outdoor recreation on largely unimproved land[.]" Additionally, "when a recreational facility has been designed with improvements that require regular maintenance to be safely used and enjoyed, the owner of the facility has a duty to maintain those improvements." *Walsh v. City of Phila.*, 585 A.2d 445, 450 (Pa. 1991).

While the Township acknowledges the case law cited by Wright, it argues that the Park is not an improved recreational facility and is considered "land" within the scope of the RULWA's immunity provision. Additionally, the Township asks this Court to consider that even the decisions of our Supreme Court and appellate courts cited by Wright contain more detailed interpretations of what type of land is meant to receive protection under the RULWA. For example, in *Rivera*, our Supreme Court differentiated between "ancillary structures attached to open spaced lands" and "enclosed recreational facilities in urban regions." 507 A.2d at 15. Ancillary structures attached to open space land generally receive protection under the RULWA. *Id.* at 8.

When determining if a landowner receives immunity under the RULWA, five factors must be considered: use, size, location, openness, and the

6

extent of improvement. *See Yanno v. CONRAIL*, 744 A.2d 279 (Pa. Super. 1999).[6] When the owner of the property has opened the property up for exclusively recreational use as opposed to business use, the property is more likely to receive protection under the RULWA. *Yanno*, 744 A.2d at 282. Additionally, the larger the property, the more likely it is to receive protection as it is more difficult for the owner to perform reasonable maintenance on the property. *Id.* Further, the more remote the property, the more likely it is to receive protection as the user would not expect the owner to monitor and maintain the property, and similarly, a property that is more open is more likely to receive protection over a property that is closed. *Id.* at 282-83. Finally, if the property is highly developed, it is less likely to receive protection because if a landowner develops the property, a user enjoys a reasonable expectation of maintenance by the landowner. *Id.* at 283.

The Township asserts that, in consideration of these five factors, the trial court did not commit an error of law or abuse its discretion by finding that the Park must be afforded the liability protections of the RULWA. In its opinion, the trial court explained that "the record clearly shows that the parties agree that the [P]ark is owned by [the Township] and that it 'is a public park in the Township that has open space as well as a playground for recreation use by public.'" Trial Ct. Op., 10/06/2020, at 8 (internal citations omitted). "There was no evidence presented that [the Township] charged [Wright] (or any other member of the public) for use of the park." *Id.* at 9. "Additionally, the parties agree that [Wright] was using the playground at the [P]ark for recreation." *Id.* "Therefore, it is clear that [Wright] was

_____

[6] Although not binding, Superior Court decisions are persuasive authority in this Court. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

7

a 'recreational user'[7] under the [RULWA]." *Id.* "The parties' dispute hinges on whether the area where the injury occurred is 'land' under the [RULWA]." *Id.*

The application of the RULWA to a piece of property at issue, or the entire piece of property, cannot be fixed for every case, but such a determination must be made on a case-by-case basis. *Bashioum*, 747 A.2d at 446. The facts of each case must be considered to determine whether a playground, or the portion of it at issue, constitutes largely improved land. *Zackhery v. Crystal Cave Co.*, 571 A.2d 464 (Pa. Super. 1990). Therefore, in the instant case, the main question as to whether the Township is entitled to immunity under the RULWA is whether the playground at the Park is considered developed to the extent that the Park is "improved." *See id.*

Before the trial court and within her brief submitted to this Court, Wright cites to and discusses two decisions of our Supreme Court, *Rivera* and *Walsh*, in support of her assertion that "it is well [] settled that the [RULWA] does not immunize landholders from liability for injuries occurring on municipal playgrounds." Trial Ct. Op., 10/06/2020, at 9 (internal citations omitted). In *Rivera*, the decedent died by accidental drowning in an indoor swimming pool. While our Supreme Court held that the RULWA did not apply in that instance, it emphasized that the accident occurred in an *indoor* swimming pool, stating that after surveying the decisions of dozens of state jurisdictions, "we have been unable to find a single case . . . in which an indoor recreational activity was held to fall within the purview of a recreational use act." *Rivera*, 507 A.2d at 8-9. However, in its decision, our Supreme Court did note that the legislature intended for the RULWA to apply to "outdoor recreation on largely unimproved land." *Id.* at 8. Further, "[t]he need to

---

[7] The RULWA defines a "recreational user" as a person who enters or uses land for a recreational purpose. Section 2 of the RULWA, 68 P.S. § 477-2.

8

limit owner liability derives from the impracticability of keeping large tracts of largely undeveloped land safe for public use. The same need does not arise in the case of indoor recreational facilities, which in contrast, are relatively easy to supervise and monitor for safety hazards." *Id.* at 8, n.17.

In *Walsh*, the plaintiff "fractured his left ankle when he fell in a hole in the blacktopped surface" of "a paved inner-city playground and recreation center" during a basketball game. 585 A.2d at 446. Specifically, the playground at issue was "a cement recreational facility." *Id.* at 450. In holding that the RULWA did not apply, our Supreme Court highlighted the fact that the recreation center was "a completely improved recreational facility." *Id.* The Supreme Court opined:

> When a recreational facility has been designed with improvements that require regular maintenance to be safely used and enjoyed, the owner of the facility has a duty to maintain the improvements. When such an improved facility is allowed to deteriorate and that deterioration causes a foreseeable injury to persons for whose use the facility was designed, the owner of the facility is subject to liability.

*Id.* at 450-51.

While the trial court noted that *Rivera* and *Walsh* are "instructive" for the purposes of the instant case, neither case fully captures the circumstances surrounding Wright's injuries and the Park in question. Trial Ct. Op., 10/06/2020, at 12. The trial court found that the facility in *Rivera* is "obviously distinguishable" from the Park in this case because while *Rivera* involved an indoor swimming pool, the Park is outdoors with a playground. "Upon review of the photographs of [the Park] and consideration of the parties' agreed description of the [P]ark as 'a public park . . . that has *open space* as well as a playground for recreation use by the public' . . . [the] Park is clearly properly categorized as an ancillary structure to open space land." Trial Ct. Op., 10/06/2020, at 15 (emphasis in original).

9

Further, in considering *Walsh*, Wright argues that the "improvements" on the Park require "regular maintenance to be safely used and enjoyed, and thus [the Township] had a duty to do so." Trial Ct. Op., 10/06/2020, at 15 (internal citations omitted). Thus, Wright asserts that, by allowing the property to deteriorate, the Township is responsible for her foreseeable injuries, resulting from the deterioration of the Park and playground facility. However, the trial court explained:

> [T]his argument is unpersuasive. If the test for whether the [RULWA] applies is whether there is a structure that "requires maintenance to be safely used and enjoyed," then the statute's explicit inclusion of "structures" and "buildings" in the definition of "land" would be meaningless. *Every* building or structure requires maintenance to be safely used and enjoyed. Again, the exception would swallow the rule.

Trial Ct. Op., 10/06/2020, at 15 (emphasis in original).

In response to Wright's assertions, the Township cites several cases in which this Court upheld summary judgment under the RULWA in situations where injuries occurred on playgrounds that contained structures that "required regular maintenance to be safely used and enjoyed." *See generally Farley v. Twp. of Upper Darby*, 514 A.2d 1023 (Pa. Cmwlth. 1986) (child injured falling off slide in municipal playground); *Favoroso v. Bristol Borough*, 569 A.2d 1045 (Pa. Cmwlth. 1990) (child injured on rock on ground in municipal playground); *Zackhery*, 571 A.2d at 464 (child injured falling off slide in a playground). As in the cited cases, the Township asserts that, in the instant case, there is no evidence that the Park – or the slide – required above normal maintenance.[8] The slide and wood chips contained

---

[8] According to Township employees, routine maintenance on the parks was conducted as needed throughout the entirety of the Township. This maintenance included looking for hazards and unsafe conditions. R.R. at 290a.

within the Park's playground do not constitute such an improvement as to take it outside the protections of the RULWA.

An improvement on a property alone does not automatically remove the property from the protections provided under the RULWA. *Yanno*, 744 A.2d at 282. "[T]he [RULWA] itself recognizes that the presence of buildings and structures on the land does not necessarily render the land improved for the purposes of the [RULWA]." *Pagnotti v. Lancaster Twp.*, 751 A.2d 1226, 1232 (Pa. Cmwlth. 2000). Per the parties' agreed upon Park description, the Park is an open, outdoor space that offers free-of-charge use to the public for recreational purposes. While Wright provided examples of cases where the RULWA liability exemptions did not apply, in those cases, the facilities, including an indoor swimming pool and fully improved blacktopped athletic courts, varied greatly from those at issue in the present case. In the absence of open, outdoor space, the premises described in *Rivera* and *Walsh* do not constitute the types of spaces contemplated under the RULWA.

In contrast, the Park, here, is considered "land" under the RULWA and the slide is, accordingly, an ancillary structure, not an improvement. This Court has previously held, in circumstances similar to the present matter, that a trial court does not err by granting summary judgment in favor of a landowner. Because the trial court considered the instant case in light of its specific factual context and our state's full body of RULWA-related case law, the trial court did not commit an error of law or abuse its discretion in granting the Township's motion for summary judgment.

11

### III. Conclusion

Because the trial court did not err in granting the Township's motion for summary judgment, we affirm.

_____

J. ANDREW CROMPTON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Betty Wright,                          :
                    Appellant          :
                                       :
          v.                           :     No.  814 C.D. 2020
                                       :
Township of Bristol                    :

# **O R D E R**

AND NOW, this 6th day of August 2021, we **AFFIRM** the July 31, 2020 Order of the Bucks County Court of Common Pleas.

_____
J. ANDREW CROMPTON, Judge