535 A.2d 308

Helen Kniaz and Steven Kniaz, her husband *v.* Benton Borough and The Benton Volunteer Fire Company, Inc. Helen Kniaz, Appellant.

Argued November 19, 1987, before Judges CRAIG and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

Robert A. Schwartz, with him, John A. Mihalik, for appellant.

Elwood R. Harding, Jr., with him, Gailey C. Keller and David C. Dickson, Jr., for appellee, Benton Volunteer Fire Company, Inc.

OPINION BY JUDGE CRAIG, January 8, 1988:

The plaintiff in this civil action for personal injury has appealed from an order by President Judge MYERS of the Court of Common Pleas of Columbia County granting summary judgment in favor of defendant Benton Borough, a municipality.

The complaint and defendants' affidavits, filed pursuant to the motion for summary judgment, establish a factual scenario which is essentially undisputed: While plaintiff Helen Kniaz, attending a volunteer fire company picnic in Benton Borough's public park, was seated in a park pavilion on a bench attached to a picnic table, the bench suddenly overturned so that she was thrown to the floor and injured.

The borough's new matter, as the proper vehicle under Pa. R.C.P. No. 1030 for raising affirmative defenses, pleaded defenses of immunity under the Recreational Use of Land and Water Act (Recreational Land Act), Act of February 2, 1966, P.L. (1965) 1860, *as amended*, 68 P.S. §§477-1-477-8 and under 42 Pa. C. S. §8541, conferring local agency immunity subject to specified exceptions.

Hence the first issue is whether the borough, under section 3 of the Recreational Land Act, 68 P.S. §477-3, is immune as an "owner of land" who by that provision "owes no duty of care to keep the premises safe for entry or use by others for recreational purposes. . . ."

Secondly, if there is no immunity under the Recreational Land Act, is the borough's governmental immunity also inapplicable, under 42 Pa. C. S. §8542, on the ground that the injury was caused by negligent acts of the borough relating to the care, custody or control of real property?

### Immunity Under The Recreational Land Act

In *Farley v. Township of Upper Darby,* 100 Pa. Commonwealth Ct. 535, 514 A.2d 1023 (1986) the court en banc settled the point that a municipality is protected by immunity under the Recreational Land Act with respect to injuries incurred in the use of a municipal park for recreational purposes, following *Department of Environmental Resources v. Auresto,* 511 Pa. 73, 511 A.2d 815 (1986) in which the Pennsylvania Supreme Court held that the Commonwealth had immunity as a public owner of land under the Recreational Land Act.

On appeal, counsel for the plaintiff here has argued astutely that the conduct of a bingo game by a volunteer fire company constituted something other than a recreational activity, and that the Recreational Land Act is therefore inapplicable because no "recreational purposes" were involved. However, even though the volunteer fire company doubtless conducted its bingo game at least partly for fund-raising purposes, the averments establish that the plaintiff was engaged in attending a picnic in the public park, so that the activity in general, as well as her use in particular, were for "recreational purposes."

In accordance with section 4 of the Recreational Land Act, 68 P.S. §477-4, which makes the immunity applicable where the use is without charge, and with reference to the definition of "charge" in section 2 of the Act, 68 P.S. §477-2(4), as an "admission price or fee asked in return for invitation or permission to enter or

go upon the land," the borough established by affidavits, filed for the purpose of the motion for summary judgment, that no admission charge was involved. Any fee paid by the plaintiff for participation in the volunteer fire company's bingo does not change the result because such fee could not constitute an admission charged by the borough as owner, for entry to the park or its facilities.

Although the trial court did not grant the motion for summary judgment on the basis of the Recreational Land Act, our conclusion is that the immunity afforded by that statute was applicable here and therefore provides an alternative ground of support for the correctness of the trial court's action. Where a trial court's decision is proper under the law and the facts, this court may affirm on legal grounds other than those on which the trial court has expressly relied, particularly when, as here, the alternative basis has been very fully briefed and argued to this court. *E.J. McAleer & Co. v. Iceland Products, Inc.,* 475 Pa. 610, 613 n. 4, 381 A.2d 441, 443 n. 4 (1977); *Department of Public Welfare v. Dauphin County Social Services for Children and Youth,* 90 Pa. Commonwealth Ct. 295, 299, 495 A.2d 214, 216 (1985).

## Conclusion

In view of the immunity conferred under the Recreational Land Act, there is no need to resolve the question of governmental immunity or the possible applicability of the real property exception to that immunity, under 42 Pa. C. S. §§8541, 8542.

The trial court's decision is affirmed.

## ORDER

Now, January 8, 1988, the order of the Court of Common Pleas of Columbia County, dated October 10, 1986, is affirmed.