571 A.2d 464

**Robert ZACKHERY, a Minor By and Through His Parent and Natural Guardian Elaine YOUNG, and Elaine Young, in Her Own Right, Appellants,**

**v.**

**CRYSTAL CAVE CO., INC., Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 19, 1990.

Filed March 19, 1990.

Howard M. Girsh, Philadelphia, for appellants.

John R. McHaffie, Philadelphia, for appellee.

Before OLSZEWSKI, KELLY and JOHNSON, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order granting summary judgment. The facts, as summarized by the trial court follow:

On August 13, 1986 minor Plaintiff Robert Zackhery allegedly broke his leg and sustained other injuries when he fell from a sliding board on a playground at Defendant Crystal Cave's premises in Berks County, Pennsylvania, near Kutztown. Defendant owns 125 acres of land there which includes the playground, a parking lot, several buildings, and a natural underground cave. The playground has several sliding boards which are permanently installed. Defendant Crystal Cave only charges an admission fee for the natural underground cave, but not for using the parking lot or the playground.

Trial court opinion, at 1. Appellants make no allegation that the injuries sustained were the result of a willful or malicious failure of appellee. Appellee Crystal Cave Co., Inc. filed an uncontested motion for summary judgment based on a claim of immunity under the Recreational Use of Land and Water Act, 68 P.S. § 477–1 *et seq.* ("RULWA"). The trial court granted appellee's motion on April 26, 1989, and an order was docketed, dismissing appellants' complaint with prejudice. This timely appeal followed.

Appellants' sole issue on appeal is whether the immunity granted by the RULWA is extinguished as to all adjoining land owned by a defendant where the defendant charges admission to a portion of his land.[1]

In reviewing an order granting summary judgment our function is to determine whether issues of triable fact

---

1. Appellee argues that by failing to oppose appellee's motion for summary judgment, appellants failed to preserve any issues for our review. In *Eckenrod v. GAF Corp.*, 375 Pa.Super. 187, 189 n. 2, 544 A.2d 50, 52 n. 2 (1988), this Court stated:

   Appellees ... contend that appellant ... has waived its right to appeal by not challenging the motions for summary judgment in the trial court. We note, however that an order granting summary judgment is final and appealable. Therefore, appellant ... was not required to raise challenges to the motions or the order in the trial court.

   (Citation omitted.) Further, the issue before us is not being raised for the first time on appeal. The issue proposed by appellants is the same as that on which the trial court rendered its decision: whether appellee is protected by the RULWA's immunity where an appellant was injured on a portion of appellee's property to which no admission was charged. We therefore address the merits of this appeal.

exist. *Bobb v. Kraybill,* 354 Pa.Super. 361, 511 A.2d 1379 (1986). Summary judgment is proper only in cases free and clear from doubt, and for our review we accept as true all well-pleaded facts, giving the plaintiff the benefit of all reasonable inferences from the facts. *Roland v. Krayco, Inc.,* 355 Pa.Super. 493, 513 A.2d 1029 (1986).

> Under the RULWA, a landowner is entitled to immunity when three conditions coalesce: (1) the landowner did not willfully or maliciously fail "to guard or warn against a dangerous condition, use, structure, or activity" on the land, 68 P.S. § 477–6; (2) the landowner did not charge the plaintiff for the recreational use of the land, *id.;* and (3) the injured plaintiff entered the land for "recreational purposes," *id.* at § 477–3.

*Gallo v. Yamaha Motor Corp., U.S.A.,* 363 Pa.Super. 308, 313, 526 A.2d 359, 364 (1987).

As stated previously, appellants make no allegation that appellee willfully or maliciously failed to warn appellants of a dangerous condition, nor can there be any serious question whether appellants' use of a sliding board constituted a "recreational purpose." The question before us concerns the second of these three factors: whether appellee's charging customers for entry into an underground cave removes appellee's 125 acres of above-ground land from the immunity granted by the RULWA.

Appellants argue that *Rivera v. Philadelphia Theological Seminary of St. Charles Borromeo, Inc.,* 510 Pa. 1, 507 A.2d 1 (1986), requires us to construe the RULWA narrowly, in accordance with the modern trend against tort immunities. While *Rivera* does indeed refer to the modern trend against tort immunities, it does so in reference to the argument that the RULWA should confer immunity to the owner of an indoor, urban, enclosed swimming pool to which there was no general public access. *Rivera* holds that the Legislature intended to limit the immunity conferred by the RULWA to "outdoor recreation on largely unimproved land." *Id.,* 510 Pa. at 8, 507 A.2d at 8.

■ Our Commonwealth Court has held, since *Rivera*, that an outdoor playground is recreational land as defined by RULWA, 68 P.S. § 477–2. *Walsh v. City of Philadelphia*, 126 Pa.Cmwlth. 27, 558 A.2d 192, *appeal granted*, 523 Pa. 645, 565 A.2d 1169 (1989). We are in agreement with the Commonwealth Court. The RULWA's definition of "land" encompasses "buildings, structures and machinery or equipment when attached to the realty." 68 P.S. § 477–2(1). The sliding board on which minor appellant was injured comes within this definition of "land." *Cf. Lowman v. Indiana Area School Dist.*, 96 Pa.Cmwlth. 389, 507 A.2d 1270 (1986) (baseball bleacher on which plaintiff was sitting was part of the land).

■ A recent case from our Commonwealth Court is instructive concerning whether the immunity of the RULWA applies in this case. In *Kniaz v. Benton Borough*, 112 Pa.Cmwlth. 416, 535 A.2d 308 (1988), the plaintiff was injured when a picnic bench on which he was seated overturned. The bench was located in a borough park, to which the plaintiff had free access with no admission charge. While the plaintiff argued that the borough should be held liable because a volunteer fire company was conducting a bingo game in the park at the time he was injured, the court held the borough was immune. The court reasoned that "[a]ny fee paid by the plaintiff for participation in the volunteer fire company's bingo ... could not constitute an admission charged by the borough as owner, for entry to the park or its facilities." *Id.*, 112 Pa.Commonwealth Ct. at 417, 535 A.2d at 309.

In this case, as in *Kniaz*, it remains undisputed that appellee did not charge appellants for admission to the property. In *Kniaz*, the payment of a fee to play a bingo game was held not to constitute a charge for use of the property. In the instant case, the fact that appellants would have been charged a fee to enter appellee's nearby cave does not change the fact that appellants had free access to the playground.

■ The stated purpose of the RULWA is "to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes." 68 P.S. § 477–1. Nowhere does the statute even hint that the immunity for an entire parcel of land should be nullified if a landowner charges for admission to a different portion of the parcel, nor would such a rule be consistent with the statute's purpose. We decline appellants' invitation to create such a restriction.

Appellants have made no allegation that appellee willfully or maliciously failed to warn appellants of any hazard. It is undisputed that appellants were not charged admission to the playground or to the adjacent parking lot, and that appellants entered the playground for recreational purposes. We therefore hold that the trial court did not err in granting summary judgment and dismissing appellants' complaint.

Order affirmed.