## Trease v. Shawnee Mountain, Inc.

*Joel R. Rosenberg,* for plaintiffs.
*Hugh M. Emory,* for defendant.

MILLER, *J.,* July 15, 1993—On March 3, 1990, plaintiffs traveled from Fairless Hills, Pennsylvania, near Philadelphia, with their daughter and two of her friends to ski at defendant's ski area. Plaintiffs did not ski, nor did they pay a fee for their use of the premises. They did, however, pay for their daughter and her friends to ski. Plaintiffs stood at the bottom of the slopes watching the activity; and about noon, while trying to locate his daughter and her friends to go to lunch, plaintiff James Trease walked between the slopes through the snow at the base of the hill. As he was walking toward the intermediate slope, looking up the hill for his daughter, he slipped and fell. He began sliding down the snow embankment toward the lodge, and in his slide he grabbed hold of a ski rack to break his fall. His leg became entangled in the rack and he suffered a fracture.

On February 21, 1992, plaintiffs instituted this action by complaint alleging negligence on the part of defendant for carelessly permitting snow and ice to accumulate at the ski area and for placing "hazardous material" in the form of ski racks at the base of the hill. On April 20, 1992, defendant filed an answer and new matter. Plaintiffs' depositions were taken and defendant has now moved for summary judgment. Both parties filed briefs in support of their respective positions and oral argument was heard before the court on June 7, 1993. Defendant's motion for summary judgment is now before the court for disposition.

Pa.R.C.P. 1035 sets forth the standard by which a motion for summary judgment will be adjudicated. Subsection (b) provides in pertinent part:

"The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035.

Summary judgment should be granted only in the clearest case, where the right to it is clear and free from doubt. *Pennsylvania Gas & Water Co. v. Nenna & Frain, Inc.,* 320 Pa. Super. 291, 298, 467 A.2d 330, 333 (1983). The party moving for summary judgment has the burden of demonstrating that no genuine issue of material fact exists and that he is entitled to summary judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 204, 412 A.2d 466, 469 (1979); *Pennsylvania Gas, supra* at 298, 467 A.2d at 333.

In determining whether the case is free from doubt and whether the moving party has met his burden, the

court must examine the record in the light most favorable to the non-moving party, giving him the benefit of all reasonable inferences. *Id.* at 298, 467 A.2d at 333. The court must also accept as true all well-pleaded facts contained in the non-moving party's pleadings. *Mattia v. Employers Mutual Companies,* 294 Pa. Super. 577, 579, 440 A.2d 616, 617 (1982). Finally, all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Thompson, supra* at 204, 412 A.2d at 469. The question then becomes whether or not plaintiff can recover under the facts alleged in this case.

Defendant moves for summary judgment on two grounds. First, defendant contends that the Recreation Use of Land and Water Act, 68 P.S. §477, immunizes defendant from liability to plaintiff under the circumstances of this case. Second, defendant contends that, regardless of immunity under RUA, plaintiffs have not established a claim for negligence. We agree with both contentions.

## I. DEFENDANT'S PROTECTION FROM LIABILITY TO THE PLAINTIFFS UNDER THE RECREATION USE OF LAND AND WATER ACT

RUA was enacted to encourage landowners to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering for such purposes. 68 P.S. §477-1. Land is defined as "land, roads, water, watercourses, private ways and buildings, structures and machinery or equipment when attached to realty." Section 477-2.

Under RUA, a landowner has no duty to persons entering for recreational purposes to keep the premises safe or warn of a dangerous condition or structure.

Section 477-3. A landowner does not extend "any assurance that the premises are safe for any purpose." Section 477-4. A landowner's liability is not limited by RUA where the landowner acts willfully or maliciously or charges the person injured a fee for use of the land. Section 477-6.

Defendant contends that as plaintiff did not pay any fee to enter the land and was merely a sightseer or observer, RUA protects defendant from liability. Plaintiffs contend that defendant does not qualify under RUA because defendant charges a fee to persons to use their land for skiing and because the ski rack upon which plaintiff James Trease was injured is not within the scope of protection.

The fact that defendant charges a fee for the use of ski lifts and slopes does not preclude the defendant from immunity where the person injured was allowed free access to the area where the injury took place. A similar matter to the instant case arose in *Ciardullo v. Camelback,* no. 128 Civil 1990, Vican, J. (Court of Common Pleas of Monroe County). In *Ciardullo,* our colleague held that RUA barred any recovery against the defendant ski area where the plaintiff, who paid no fee to defendant, fell while walking across a snowy area to a point where he intended to videotape other members of his family skiing.

The holding in *Ciardullo* is consistent with the holdings of our Superior and Commonwealth Courts in *Zackhery v. Crystal Cave Co.,* 391 Pa. Super. 471, 571 A.2d 464 (1990); and *Kniaz v. Benton Borough,* 112 Pa. Commw. 416, 535 A.2d 308 (1988). In *Zackhery,* the defendant's land included a playground, a parking lot, several buildings, and a natural underground cave. An admission fee was charged for entry to the cave. The plaintiff was injured on a sliding board in the play-

ground. Finding that RUA barred recovery, the court stated that the fact that a fee was charged for entry to the cave did not change the fact that free access existed to the playground where the plaintiff was injured. *Zackhery, supra* at 475, 571 A.2d at 465. The court also found that a sliding board was within the definition of land. *Id.*

In *Kniaz,* the plaintiff was injured when a picnic bench overturned at a volunteer fire company picnic. The plaintiff asserted that the fee charged for a bingo game at the picnic would preclude the defendant from immunity under RUA. The court found that the fee charged could not constitute an admission charge. As the plaintiff's activities were for recreational purposes, the defendant was entitled to immunity under RUA. *Kniaz, supra* at 419, 535 A.2d at 309.

In support of their position that ski racks are not within the scope of RUA protection, plaintiffs cite *Walsh v. City of Philadelphia,* 526 Pa. 227, 585 A.2d 445 (1991). In *Walsh,* the plaintiff was injured when he fell because of a hole in a blacktopped surface in an enclosed urban recreational facility. The court held that the meaning of the words "buildings, structures and machinery or equipment when attached to realty" is limited to ancillary structures attached to open space lands made available for recreation and does not include enclosed recreational facilities in urban regions. *Walsh, supra* at 235, 585 A.2d at 449.

In the instant case, the ski rack upon which plaintiff was injured is in an open area made available for recreation and is an ancillary structure attached to those open space lands. Finding no merit to plaintiffs' contentions, we hold that RUA prohibits recovery in this action.

## II. PLAINTIFFS HAVE NOT ESTABLISHED A CLAIM FOR NEGLIGENCE

While finding that RUA permits us to grant summary judgment, we feel we must comment on defendant's second ground.

In order to establish negligence under Pennsylvania law, plaintiffs must show a duty recognized by law, a breach of that duty, causation, and actual loss or damage. *Morena v. South Hills Health Systems,* 501 Pa. 634, 642, 462 A.2d 680, 684 (1983).

An owner of a premises upon which persons come by invitation, express or implied, must maintain the premises in a reasonably safe condition for the contemplated uses and the purpose for which the invitation was extended. *Adams v. J.C. Penney Co.,* 411 Pa. 653, 657, 192 A.2d 218, 219 (1963). The purpose for which land is used is of great importance in determining the extent of preparation which a visitor is entitled to expect for his protection. *Kubacki v. Citizens Water Co. of Washington,* 403 Pa. 472, 476, 170 A.2d 349, 351 (1961).

In the instant case, the premises are used for downhill skiing. This necessarily requires the existence of slippery conditions in the skiing area as well as a place for skiers to place their skis when entering the lodge. The area where plaintiff was walking and fell was not designated as a pedestrian walkway. The ski racks were logically placed where skiers enter the lodge. While we acknowledge and commend plaintiffs' counsel for his creative oral argument, we hold that as a matter of law, plaintiffs have not established a claim for negligence.

### ORDER

And now, July 15, 1993, defendant's motion for summary judgment is granted.