**Clementine MURTHA, Appellant**

v.

**Thomas JOYCE and Lisa Joyce, Appellees.**

Superior Court of Pennsylvania.

Submitted Jan. 3, 2005.

Filed May 23, 2005.

Michael I. McDermott, Philadelphia, for appellant.

Allen R. Bunker, Philadelphia, for appellant.

Before: DEL SOLE, P.J., BOWES and BECK, JJ.

BECK, J.:

¶ 1 In this negligence action, we decide whether the landowner-defendants are entitled to immunity under Pennsylvania's Recreational Use of Land and Water Act, 68 P.S. §§ 477-1—477-8 ("RULWA").[1]

¶ 2 Plaintiff-appellant Clementine Murtha was injured while snow-tubing on property owned by defendants-appellees Thomas and Lisa Joyce. Murtha brought this negligence action for damages, and the trial court entered summary judgment in favor of the Joyces on the basis of immunity supplied by RULWA. Murtha filed this appeal.

¶ 3 Our scope of review is plenary. *Harber Philadelphia Center City Office Ltd. v. LPCI Ltd.*, 764 A.2d 1100 (Pa.Super.2000). Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is

---

1. Some of our cases refer to the act as the "RUA." We use the abbreviation "RULWA."

entitled to judgment as a matter of law. Pa.R.Civ.P. 1035.2; *Chada v. Chada,* 756 A.2d 39 (Pa.Super.2000).

### Factual Background

¶ 4 In this case, Murtha presented undisputed evidence that she, along with several others, accompanied her cousin Jim Lynham to the Joyce property for a weekend stay. The property, Beaver Pond Farm, consisted of 150 acres in Lackawanna County, and was partially improved by a house, swimming pool, tennis court and some outbuildings. There was a wooden fence around part of the property, and additional fencing around the pool and tennis court. The house was on top of a hill, and the Joyces' children often used tubes and sleds on the snow-covered hill directly behind the house. The children had placed a wooden ramp on the hill to enhance the snow-tubing experience.[2] While snow-tubing down the hill, Murtha went over the snow-covered ramp and lost control, collided with a fence post at the bottom of the hill, and sustained injuries.

¶ 5 Though the Joyces did occasionally charge rent to others for use of their property, the Joyces had given their friend Jim Lynham permission to use the property free of charge on the weekend of Murtha's accident. Murtha nonetheless testified that she paid Lynham $95 to stay at the Joyce property that weekend, with the understanding that he would pay the Joyces. The Joyces eventually accepted an unspecified "informal" amount offered by Lynham for payment of "utilities."

¶ 6 The trial court concluded that RULWA applied to insulate the Joyces from liability. The trial court further held that, because Murtha herself was not charged by the Joyces for her use of the property, and because "it is undisputed that [Murtha] and [the Joyces] had no communication or correspondence with each other prior to the incident," the Joyces did not lose RULWA protection. *See* 68 P.S. § 477–6(2). The trial court held that RULWA directed summary judgment in favor of the Joyces.

¶ 7 After careful review, we reverse. We have found no case where the RULWA was held to protect a landowner from liability in a situation like this one, and hold that the legislative purpose of RULWA would not be served by application to these facts.

### The RULWA and its Purpose

¶ 8 The RULWA protects landowners from liability by expressly negating ordinary common law duties to keep the land safe or to warn of dangerous conditions. The purpose of the act "is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes." 68 P.S. § 477–1. The act broadly describes its protection as follows:

> Except as specifically recognized or provided in section 6 of this act, an owner of land[3] owes no duty of care to keep the premises safe for entry or use by others for recreational purposes,[4] or

---

**2.** Thomas Joyce described the structure as "a piece of wood" from the barn that "was probably a couple of inches" and "looked like a ramp."

**3.** The RULWA defines "land" as "land, roads, water, watercourses, private ways and buildings, structures and machinery or equipment when attached to realty." 68 P.S. § 477–2(1).

**4.** The RULWA provides that " 'recreational purpose' includes, but is not limited to, any of the following, or any combination thereof: hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, water sports, cave exploration and viewing or enjoying historical, archaeological, scenic, or scientific sites." 68 P.S. § 477–2(3).

to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

68 P.S. § 477–3 (footnotes added). This general immunity is further defined in § 477–4:

Except as specifically recognized by or provided in section 6 of this act, an owner of land who either directly or indirectly invites or permits without charge any person to use such property for recreational purposes does not thereby:

(1) Extend any assurance that the premises are safe for any purpose.

(2) Confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed.

(3) Assume responsibility for or incur liability for any injury to persons or property caused by an act or omission of such persons.

68 P.S. § 477–4.

¶ 9 Finally, in § 477–6, there are two exceptions to RULWA immunity:

Nothing in this act limits in any way any liability which otherwise exists:

(1) For wilful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity.[5]

(2) For injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof...

68 P.S. § 477–6 (footnote added).

¶ 10 Our Supreme Court has most recently described the purpose of the RULWA as follows:

The legislative purpose of the RUA is "to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes." 69 P.S. § 477–1. In order to encourage owners of land and water areas to make these areas available to the general public for recreation, the RUA provides the owners with immunity from negligence liability so long as the land and water area is provided to the public for recreational purposes free of charge and any injuries occurring on the land or water are not the result of a "wilful or malicious failure to guard or warn against a dangerous condition, use or activity." 68 P.S. §§ 477–4, 477–6. "The need to limit owner liability derives from the impracticality of keeping large tracts of largely undeveloped land safe for public use." *Rivera v. Philadelphia Theological Seminary*, 510 Pa. 1, 15 n. 17, 507 A.2d 1, 8 n. 17 (1986).

*Stone v. York Haven Power Co.*, 561 Pa. 189, 194, 749 A.2d 452, 455 (2000) (footnote omitted).

¶ 11 In *Stone*, the Supreme Court held RULWA immunity applied when the plaintiffs' decedents drowned in a lake created by the defendant's dam on the Susquehanna River. The lake was open to the public for boating, and use of the lake was free of charge. The Court held that, despite the improvement of the land by construction of the dam, the recreational availability and use of the lake fit within the legislative purpose of the act. Indeed, the lake is "exactly the type of area that the RUA is intended to cover." *Id.* at 197, 749 A.2d at 457. "But for the RUA, the benefit these areas provide to the public might very well

---

5. Murtha made no allegations of "wilful or malicious" conduct in her complaint, and thus she is precluded from asserting this exception to RULWA immunity. *See Stanton v. Lackawanna Energy, Ltd.*, 820 A.2d 1256, 1264 (Pa.Super.2003).

be lost, thereby denying to the citizens a significant portion of the natural resources of Pennsylvania." *Id.*

## Application of the RULWA

¶ 12 Very often, our RULWA cases have turned on whether the tract of land on which an accident occurred was large and unimproved; our courts have held that RULWA immunity applies to open land that remains in a mostly natural state, whether the property is located in rural, suburban or urban areas. *See, e.g., Lory v. City of Philadelphia,* 544 Pa. 38, 674 A.2d 673 (1996) (holding RULWA immunity applied to natural pond inside city park); *Friedman v. Grand Central Sanitation, Inc.,* 524 Pa. 270, 571 A.2d 373 (1990) (holding RULWA immunity applied to defendant's landfill property); *Yanno v. Consolidated Rail Corp.,* 744 A.2d 279 (Pa.Super.1999), *appeal granted,* 564 Pa. 714, 764 A.2d 1071 (2000) (holding railroad trestle located inside 9.6 mile swath of unimproved land did not remove property from RULWA's protection).

¶ 13 By contrast, our courts have declined to apply RULWA immunity to public recreational areas that are highly developed. *See, e.g., Mills v. Commonwealth,* 534 Pa. 519, 523, 633 A.2d 1115, 1117 (1993) (RULWA immunity did not apply where waterfront area was "highly developed," urban, and no longer in its "natural state"); *Walsh v. City of Philadelphia,* 526 Pa. 227, 585 A.2d 445 (1991) (RULWA protection did not apply to city playground basketball court); *Rivera, supra* (RULWA protection did not apply to seminary's indoor swimming pool); *DiMino v. Borough of Pottstown,* 142 Pa.Cmwlth. 683, 598 A.2d 357 (1991) (RULWA protection did not apply to fenced-in borough playground).

¶ 14 Our Supreme Court has stated that "where land devoted to recre-ational purposes has been improved in such manner as to require regular maintenance in order for it to be used and enjoyed safely, the owner has a duty to maintain the improvements." *Stone, supra* at 195, 749 A.2d 452, 749 A.2d at 455. Though the statute's language is quite broad, RULWA protection should not extend beyond its legislative intent and thus "thwart basic principles of tort liability." *Mills, supra.* We must remember that "the purpose of the RUA was to provide immunity to landowners as an incentive to them in exchange for their tolerance of public access to their recreational lands for recreational pursuits." *Id.* at 526, 633 A.2d at 1118–19.

## The Joyces' Property

¶ 15 As we consider the facts in this case, which involves a large tract of land that has been partially developed and improved, we recognize that "an improvement on property does not, on its own, automatically remove the property from the protection of the RULWA." *Yanno, supra* at 282. Instead, our analysis should focus on several factors:

First, where the owner of the property has opened the property exclusively for recreational use, the property is more likely to receive protection under the RULWA than if the owner continues to use the property for business purposes. Second, the larger the property, the less likely that it allows for reasonable maintenance by the owner and the more likely that the property receives protection under the RULWA. Third, the more remote and rural the property, the more likely that it will receive protection under the RULWA because the property is more difficult and expensive for the owner to monitor and maintain and because it is less likely for a recreational user to reasonably expect the property

to be monitored and maintained. Fourth, property that is open is more likely to receive protection than property that is enclosed. Finally, the more highly-developed the property, the less likely it is to receive protection because a user may more reasonably expect that the landowner of a developed property monitors and maintains it.

*Id.* at 282–83.

¶ 16 Here, the Joyces have not donated their land exclusively for recreational use, but rather continue to use it as a personal vacation home and a rental business property. The tract is quite large, 150 acres. It appears from the record that most of the property is wooded and undeveloped, and the size and nature of this part of the property would make regular monitoring and maintenance unnecessary and impractical.[6]

¶ 17 However, the area directly behind the house where Murtha was injured is cleared of trees, and includes many improvements such as the swimming pool, tennis court and outbuildings which would require regular monitoring and maintenance. Indeed, though the property has been characterized as rural, the user of the house and its improved area would reasonably expect its monitoring and maintenance by the owner. Finally, it appears that at least part of the property was enclosed by a wooden fence, further justifying the user's expectation that its developed area is monitored and maintained. In considering the *Yanno* factors, we are persuaded that the Joyce property is "hybrid" recreational land—partially developed or improved—which is not always entitled to RULWA immunity.

¶ 18 Several of our cases have involved "hybrid" property where RULWA immunity was held to apply to undeveloped sections in their natural state, even though other parts of that same property were developed or improved. For example, the fact that the area where a plaintiff was injured by a falling tree limb included a ball park and "a partially developed residential tract [was] of no consequence; unimproved portions of it may still come under the liability limitation of the RULWA." *Redinger v. Clapper's Tree Service, Inc.,* 419 Pa.Super. 487, 615 A.2d 743, 750 (1992), *appeal denied,* 533 Pa. 652, 624 A.2d 111 (1993). And, in *Gallo v. Yamaha Motor Corp.,* 363 Pa.Super. 308, 526 A.2d 359 (1987), *appeal denied,* 517 Pa. 623, 538 A.2d 876 (1988), we held RULWA immunity applied to a case where a plaintiff was injured while riding a snowmobile on roadways inside a private ski resort development. *Id.* The *Gallo* panel emphasized the fact that the plaintiff's accident had "occurred outdoors on what the evidence suggests was a large tract of land." *Id.* at 364.

¶ 19 By contrast, our courts have denied RULWA immunity in several cases where injury occurred on the *developed* portion of a largely unimproved recreational area. For example, in *Bashioum v. County of Westmoreland,* 747 A.2d 441 (Pa. Commw.2000), the plaintiff was injured on a giant slide, an improved, maintained part of a 400 acre tract, and the Commonwealth Court held RULWA immunity did not apply. *See also Brown v. Tunkhannock Township,* 665 A.2d 1318 (Pa. Commw.1995), *appeal denied,* 544 Pa. 636, 675 A.2d 1252 (1996) (where plaintiff was injured on the bleachers at an improved

---

**6.** Photographs indicate that beyond the cleared area directly behind the house, which includes the swimming pool, tennis court and the hill where Murtha was injured, the rest of the property is densely wooded.

community baseball field RULWA immunity did not apply).[7]

¶ 20 In this case, we are presented with an accident that occurred on what is essentially the backyard of a vacation home. Though the property is very large and mostly unimproved, the area where the accident took place is directly behind the house, and includes a pool, tennis court, and various outbuildings, all of which require regular monitoring and maintenance. The property is partially surrounded by a fence, and has not been donated for exclusive use by the public.[8] Instead, the Joyces often rent the property to paying tenants, and in this case, made it available to a friend and his guests. Though the parties and the court below focused on whether there was a "charge" for the use of the property, we conclude that we need not reach the question of whether or not money was exchanged so that an exception to RULWA immunity might apply.[9] We hold that RULWA immunity does not apply in the first instance.

### Conclusion

¶ 21 Our reading of the RULWA and the relevant decisional law indicates that it does not apply to protect the Joyces because the area directly behind the house where Murtha was injured does not fit within the category of property meant to be protected by RULWA. Though the Joyces rely on very broad language in some of our case law, and the broad general immunity described in § 477–3, we note

---

**7.** Another kind of "hybrid" property was involved in *Zackhery v. Crystal Cave Co.,* 391 Pa.Super. 471, 571 A.2d 464 (1990), where the central issue was whether the owner had charged a fee. The plaintiff in *Zackhery* was injured on the playground adjacent to a cave attraction; the playground was open and free, but the owner charged a fee for admission to the cave. We held that RULWA immunity applied to the free playground area, regardless of the charge for cave admission. But *Zackhery* relied on the reasoning of another playground case, *Walsh v. City of Philadelphia,* 126 Pa.Cmwlth. 27, 558 A.2d 192 (1989), which was later reversed by our Supreme Court. *See Walsh, supra,* 526 Pa. 227, 585 A.2d 445 (1991) (RULWA protection does not apply to city playground basketball court).

**8.** We do not suggest that only donated or public land is subject to RULWA protection. Indeed, the statute is designed to protect private landowners. However, as in *Yanno, supra,* we do consider the uses of the property relevant in determining the applicability of RULWA. Furthermore, we find this case distinguishable from *Friedman v. Grand Central, supra,* where the Supreme Court held that private land was subject to the protections of RULWA. In *Friedman,* the plaintiff, while hunting, inadvertently wandered onto land owned by the defendant and operated as a landfill; the property was posted with "no trespassing" signs. The plaintiff was apparently overcome by fumes from waste material, and fell into an open trench, sustaining injuries. The Supreme Court held that the defendant landowner was protected from liability by the RULWA, even though the property was not open to the public. We hold that *Friedman,* which involved a hunter who mistakenly wandered onto unimproved, unfenced land, is not applicable to this case where private landowners allowed a friend to use their house for the weekend. We hold that protection of landowners from the claims of injured hunters was one of the main aims of the RULWA, and of its predecessor statute, which provided: "No landowner of agricultural lands or woodlands shall be liable for the payment of damages for any personal injury suffered by any person while hunting or fishing upon the landowner's property, except for any deliberate and wilful personal injury inflicted upon such person by such landowner." *Friedman, supra* at 276, 571 A.2d at 375.

**9.** We disagree with the trial court's holding that Murtha's testimony about payment was insufficient to preclude summary judgment on this issue. There was evidence that Murtha paid $95 for use of the property, and that the Joyces accepted some payment from Jim Lynham for use of the property. In our view, this was enough to raise a jury question on a charge for use, whether payment to the Joyces was direct or indirect.

that language, taken on its own, is so broad as to provide RULWA protection to *every* piece of land used in some way for recreation. But our cases have indeed established limits to that protection. Moreover, we have found no decision where RULWA immunity was held to apply in a case involving an accident on cleared and improved land directly behind a private residence.

¶ 22 In reversing the grant of summary judgment, we offer no opinion on the ultimate merits of Murtha's case. We hold only that the protections of the RULWA do not apply, and the matter must proceed as an ordinary landowner negligence case.

¶ 23 Order granting summary judgment reversed. Matter remanded for further proceedings. Jurisdiction relinquished.