IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael and Roxanne Gohrig,     :
Husband and Wife,     :
             Appellants  :
    :
      v.     :  No. 159 C.D. 2018
    :  SUBMITTED: July 20, 2018
County of Lycoming and City     :
of Williamsport     :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                       FILED: September 21, 2018

Appellants Michael and Roxanne Gohrig (collectively Appellants) appeal from the Court of Common Pleas of Lycoming County's (Trial Court) December 21, 2017 Order, which granted the City of Williamsport's (City) and County of Lycoming's (County) (collectively Appellees) respective Motions for Summary Judgment. The Trial Court concluded that the City and the County were both immune from suit under what is commonly known as the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa. C.S. §§ 8541-8564, and that Appellants failed to establish the applicability of the real property exception to governmental immunity.[1] After careful review, we affirm the Trial Court's Order.

---

[1]Section 8542(b) of the Tort Claims Act states, in pertinent part:
Acts which may impose liability.--The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency . . .

**Background**

This appeal involves negligence claims by Appellants against the City and County stemming from injuries Mr. Gohrig sustained while cycling on the Susquehanna Riverwalk and Timber Trail (Trail). This Trail is open to the public and "consists of a paved pathway on top of the [Susquehanna River] levee and sidewalks and access ramps on various bridges throughout [its] course." Am. Compl. at 2. The County owns the Trail and is responsible for its long-term maintenance, while the City is responsible for trash removal and routine maintenance for certain portions of the Trail that are relevant to the instant appeal.

On July 24, 2010, Mr. Gohrig was cycling on the Trail when he encountered a hairpin turn after riding through a flat, straight section. Appellants' Br. at 8; Gohrig Dep., 5/9/16, at 143, 149-51. As described by Mr. Gohrig, this section of the Trail was "paved down the center" with "loose gravel on both sides." Gohrig Dep., 5/9/16, at 154. Mr. Gohrig noticed that some of this gravel had "washed down from the straightaway and [had] accumulated" in the curved part of the Trail, when he got

---

(3) Real property.--The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. As used in this paragraph, "real property" shall not include:

(i) trees, traffic signs, lights and other traffic controls, street lights and street lighting systems;
(ii) facilities of steam, sewer, water, gas and electric systems owned by the local agency and located within rights-of-way;
(iii) streets; or
(iv) sidewalks.

42 Pa. C.S. § 8542(b)(3).

within 15 to 20 feet of where the displaced gravel had settled. *Id.* at 150-52. Mr. Gohrig attempted to navigate through this gravel, but his bicycle tires lost traction and he fell onto the paved surface. *Id.* at 154-55.

Mr. Gohrig was able to get up and walk approximately one mile to where his car was parked. He did not seek medical attention despite having a sore hip, numerous bruises and scrapes, and persistent discomfort when attempting to relieve himself. *Id.* at 154-58. Approximately one month after the accident, when his pain did not relent, Mr. Gohrig went to see a physician, who discovered that Mr. Gohrig had fractured his right greater trochanter[2] in multiple places. *Id.* at 161, 169.

Appellants subsequently filed a Complaint against the City and County on July 19, 2012, and an Amended Complaint on December 4, 2012. Therein, Appellants claim that both the City and County were negligent in failing to properly maintain the Trail and were consequently liable for his injuries. Am. Compl. at 3-8. Appellants also aver that the County had acted negligently by "utilizing stones when it knew or should have known that stones would accumulate on the paved portion of the [Trail.]" *Id.* at 4. In addition, Mrs. Gohrig asserts a loss of consortium claim against Appellees. *Id.* at 9.

Appellees filed Preliminary Objections to the Amended Complaint, which the Trial Court overruled. The City and County then filed their respective Answer with New Matter and Cross Claim, asserting numerous defenses therein. The City averred that Appellants' lawsuit was barred by "sovereign immunity,"[3] while the County

_____

[2] The trochanter is "a rough prominence at the upper part of the femur of many vertebrates serving usually for the attachment of muscles." Trochanter, Merriam-Webster, https://www.merriam-webster.com/dictionary/trochanter (last visited July 31, 2018).

[3] Given that the City argued at the summary judgment stage that it was shielded by governmental immunity, we believe that its invocation of "sovereign" immunity in its Answer

argued it was immune from the suit by virtue of the Tort Claims Act and the Recreational Use of Land and Water Act (Recreational Use Act).[4] City's Answer with New Matter and Crossclaim at 5; County's Answer with New Matter and Crossclaim at 6. Both Appellees subsequently filed Motions for Judgment on the Pleadings, which the Trial Court denied.

Upon completion of discovery, the City and County each filed Motions for Summary Judgment, averring that they were immune from suit under both the Tort Claims Act and the Recreational Use Act. *See* City's Mot. for Summ. J. at 7-23; County's Mot. for Summ. J. at 1-4. In response, Appellants argued that granting summary judgment was improper because there were genuine issues of material fact regarding whether their allegations satisfied the requirements of the Tort Claims

---

with New Matter and Crossclaim was likely an inadvertent error. Even if this was not the case, the City's failure to raise governmental immunity in its Answer with New Matter and Crossclaim is immaterial, as it is a non-waivable defense. *See In re Upset Sale of Props. Against Which Delinquent 1981 Taxes Were Returned to Tax Claim Unit On or About First Monday of May, 1982 (SKIBO Prop.)*, 560 A.2d 1388, 1389 (Pa. 1989).

> [4] Act of February 2, 1966, P.L. 1860, *as amended*, 68 P.S. §§ 477-1-477-8.
> The [Recreational Use Act] protects landowners from liability by expressly negating ordinary common law duties to keep the land safe or to warn of dangerous conditions. The purpose of the [Recreational Use Act] "is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes." 68 P.S. § 477-1.

*Murtha v. Joyce*, 875 A.2d 1154, 1156 (Pa. Super. 2005). "The need to limit owner liability derives from the impracticality of keeping large tracts of largely undeveloped land safe for public use." *Rivera v. Phila. Theological Seminary of St. Charles Borromeo, Inc.*, 507 A.2d 1, 8 n.17 (Pa. 1986). However, the Recreational Use Act's liability limitations do not extend to "land devoted to recreational purposes [which] has been improved in such a manner as to require regular maintenance in order for it to be used and enjoyed safely, [for which the Recreational Use Act does not exempt] the owner [from their] duty to maintain the improvements." *Stone v. York Haven Power Co.*, 749 A.2d 452, 455 (Pa. 2000).

Act's real property exception. Appellants also argued that the Recreational Use Act did not shield either the City or the County from liability under the circumstances. *See* Appellants' Br. in Opp'n to Appellees' Mots. for Summ. J. at 5-9.

After oral argument, the Trial Court granted both Motions for Summary Judgment, stating that Appellants neither satisfied the requirements of the real property exception to governmental immunity, nor presented any evidence of negligence. Tr. Ct. Order, 12/21/17, at 1-2; Tr. Ct. Op., 3/27/18, at 2; Reproduced Record (R.R.) at 3a.[5]  This appeal followed.

## Issue

In this appeal, Appellants claim that the Trial Court erred in holding that the real property exception was inapplicable, because they produced evidence establishing genuine issues of material fact regarding Appellees' "negligence in the care, custody and control of real property [*i.e.*, gravel on the Trail at the site of Mr. Gohrig's accident.]" Appellants' Br. at 3.

## Analysis

When ruling upon a motion for summary judgment, the trial court must resolve all doubts against the movant, examining the record in the light most favorable to the non-moving party, and "may grant summary judgment only where

---

[5] The Trial Court also held,
> [w]ith respect to the [Recreational Use Act], that legislation applies only to lands that are largely unimproved in character and where no admission fee is charged. In this case, the [Trail] is a highly developed recreational area[,] although [admission is] provided free of charge. Under the circumstances[,] either the [Recreational Use] Act does not apply or a reasonable [factual] issue exists for resolution by a jury [pertaining to its applicability].

Tr. Ct. Order, 12/21/17, at 1. None of the parties have challenged this portion of the Trial Court's ruling and, therefore, we will not address its substantive merit herein.

5

the right to such a judgment is clear and free from doubt." *Fine v. Checcio*, 870 A.2d 850, 857 (Pa. 2005). Our review of an order granting summary judgment is limited to determining whether the trial court's decision constituted an abuse of discretion or an error of law. *Salerno v. LaBarr*, 632 A.2d 1002, 1003 (Pa. Cmwlth. 1993).

Local agencies, such as the City and County, are vested with broad governmental immunity from negligence-based lawsuits. However, pursuant to Section 8542(a) of the Tort Claims Act, such governmental agencies can still be held liable for damages under the following circumstances:

> Liability imposed.--A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in [42 Pa. C.S. § 8542(b)]:
>
> > (1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and
> >
> > (2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

42 Pa. C.S. § 8542(a). Because of the General Assembly's clear intent to insulate government from exposure to tort liability, the exceptions to immunity are to be strictly construed. *Lockwood v. City of Pittsburgh*, 751 A.2d 1136, 1139 (Pa. 2000).

6

In their respective Motions for Summary Judgment, Appellees assert that there are no genuine issues of material fact as to whether they were negligent or whether they breached their duty of care owed to Mr. Gohrig. *See* City's Br. In Support of Mot. For Summ. J. at 8-13; County's Br. In Support of Mot. For Summ. J. at 5-10. Appellees differ as to Mr. Gohrig's status on the Trail at the time of his fall. The City suggests that Mr. Gohrig was a "gratuitous licensee". *See* City's Br. In Support of Mot. For Summ. J. at 10. The County suggests that Appellant was either a "non-business invitee or a licensee." County's Br. In Support of Mot. For Summ. J. at 6.[6] However, we need not settle this issue, because Appellants did not

---

[6] "A licensee is a person who is privileged to enter or remain on land only by virtue of the possessor's consent." Restatement (Second) of Torts § 330 (Am. Law Inst. 1965).

> A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,
>
>> (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and
>>
>> (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and
>>
>> (c) the licensees do not know or have reason to know of the condition and the risk involved.

*Rossino v. Kovacs*, 718 A.2d 755, 757 (Pa. 1998) (quoting Restatement (Second) of Torts § 342 ((Am. Law Inst. 1965)).

By contrast, "[a] public [*i.e.*, non-business] invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public." Restatement (Second) of Torts § 332 (Am. Law Inst. 1965).

> Possessors of land owe a duty to protect invitees from foreseeable harm. [Restatement (Second) of Torts §§ 341A, 343, & 343A (Am. Law Inst. 1965).] With respect to conditions on the land which are known to or discoverable by the possessor, the possessor is subject to liability only if he,

present evidence that would support a negligence finding under *any* duty of care standard.

In its Opinion, the Trial Court explained that Appellants bore

> the burden of proof on the applicability of the real property exception to immunity under the Tort Claims Act. *Finn v. City of Philadelphia*, [664 A.2d 1342, 1346] (Pa. 1995). Exceptions to immunity must be strictly construed. *Id.* For the real property exception to apply, the dangerous condition must be in the property itself, not a foreign substance on the property and not simply a facilitation of another's negligence. *Id. . . .* at 1344-46.
>
> As the Pennsylvania Supreme Court has explained, "For the limited waiver of 42 Pa. C.S. § 8542(b)(3) to apply, thereby waiving the political subdivision's immunity for negligent care of real property, there must be negligence which makes the real property itself unsafe for activities for which it is used." *Snyder v. Harmon*, . . . 562 A.2d 307, 312 (Pa. 1989) (citation omitted). . . .
>
> [Appellants] point to nothing in the record to establish negligence by the local agencies [nor do they] contend any design defect caused the accumulation [of gravel on the Trail]. Instead [Appellants] point to the **mere presence** of

---

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.
>
> [Restatement (Second) of Torts § 343]. Thus . . .
>
>> a possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.
>
> [Restatement (Second) of Torts § 343A].

*Carrender v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983) (quotation marks and punctuation omitted).

the foreign substance itself [as justification for finding the real property exception to be applicable]. Accordingly, [the Trial] Court concluded that liability could not be imposed under the real property exception to the Tort Claims Act, 42 Pa. C.S. § [8542(b)(3)], and that therefore summary judgment against [Appellants] was required.

Tr. Ct. Op., 3/27/18, at 3-5. We agree.

While Appellants argue that Appellees negligently constructed and/or maintained the Trail, Appellants did not present a scintilla of evidence to support those assertions at the conclusion of discovery. For example, Appellants did not provide depositions of Appellees' agents or employees regarding the construction or maintenance of the trail. There was no evidence regarding the adequacy and frequency of Appellees' maintenance of the Trail, such as maintenance logs, or information regarding upkeep protocols and practices. Appellants offered no expert reports, construction blueprints, topographical maps, or other pertinent evidence to demonstrate *how* the Trail was negligently constructed or defectively designed. There was no evidence regarding how long, or how much, gravel was on the Trail, or whether Appellees were aware of the Trail conditions when Mr. Gohrig fell. There was no evidence describing what caused the gravel to be present on the section of the Trail where Mr. Gohrig fell.

A thorough review of the entire record reveals that Appellants' claims are predicated entirely upon Mr. Gohrig's personal, subjective belief that the *mere presence* of the gravel he encountered on the Trail constituted negligence by the City and County. *See* Gohrig Dep., 5/9/16, at 150-52, 154. *See* Appellants' Br. In Opposition to Mots. for Summ. J. at 6. If this matter went to trial, the fact-finder would have no choice but to speculate about essential factual issues in order to find either the City or County negligent. "A plaintiff cannot survive summary judgment when mere speculation would be required for the jury to find in [their] favor." *Krauss*

9

*v. Trane U.S. Inc.*, 104 A.3d 556, 568 (Pa. Super. 2014). As our Supreme Court has explained,

> [t]he mere happening of an accident . . . does not establish negligence on the part of the defendant. In order for the issue of negligence to be a jury question, the evidence presented must be such that by reasoning from it, without resort to prejudice or guess, a jury can reach the conclusion sought by plaintiff.

*Hardy v. Clover Leaf Mills*, 232 A.2d 755, 757 (Pa. 1967) (internal citations and punctuation omitted); *accord Lear v. Shirk's Motor Express Corp.*, 152 A.2d 883, 886 (Pa. 1959) ("Evidence sufficient to warrant recovery must describe, picture or visualize what actually happened sufficiently to enable the fact-finding tribunal reasonably to conclude that the defendant was guilty of negligence and that his negligence was the proximate cause of the accident.").

As Appellants have failed to establish that genuine issues of material fact exist regarding whether Appellees were negligent, the City and County are entitled to summary judgment in their favor. Consequently, we affirm the Trial Court's December 21, 2017 Order.

_____
ELLEN CEISLER, Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michael and Roxanne Gohrig, | : | |
| Husband and Wife, | : | |
| Appellants | : | |
| | : | |
| v. | : | No. 159 C.D. 2018 |
| | : | |
| County of Lycoming and City | : | |
| of Williamsport | : | |

**O R D E R**

AND NOW, this 21ˢᵗ day of September, 2018, the Order of the Court of Common Pleas of Lycoming County, dated December 21, 2017, is hereby AFFIRMED.

 

 

_____
ELLEN CEISLER, Judge